[No. 3,098.]

ELIZABETH DOYLE v. THE PHŒNIX INSURANCE COMPANY OF HARTFORD, CONNECTICUT.

ALLEGATION OF LAW IN PLEADING.—In an action to recover money alleged to be due on a contract, an allegation, that the sum sued for is now due, is a mere conclusion of law.

COMPLAINT ON POLICY OF INSURANCE.—In an action on an insurance policy, by the terms of which the loss is to be estimated, and paid sixty days after due notice and proof of the same made by the assured, an allegation in the complaint, that the plaintiff performed all the conditions on

his part in the policy to be performed, and gave the defendant due notice and proof of the fire and loss, and demanded payment, does not show that sixty days had elapsed after proof and notice before bringing suit, and the complaint does not state a cause of action.

POLICY OF INSURANCE.—When a policy of insurance provides that the loss shall be estimated when it accrues, and be paid sixty days after due notice and proof of the same made by the assured, the company is not bound to pay until sixty days after such notice and proof.

APPEAL from the District Court of the Tenth Judicial District, County of Sierra.

The facts are stated in the opinion.

*Doyle & Barber*, for Appellant.

Time is of the essence of the contract, and the expiration of sixty days after proof and notice of the loss, is just as essential to the right of action as is the performance of the conditions, and a complaint which fails to show or aver such expiration is fatally defective. Suppose that a complaint on a bill of exchange, payable sixty days after sight, contained no averment of the date of presentment, is there any doubt it would be held bad? (See *Abbott* v. *Aslett*, 1 Mees. & W. 209; *Irving* v. *Excelsior F. I. Co.*, 1 Bosw. 514; *Campbell* v. *Charter Oak*, 10 Allen, 218; *Williams* v. *Knighton*, 1 Oregon, 224.)

The terms "forthwith" and as soon "as possible," in policies of insurance, are never rigorously interpreted— they are equivalent to the expression "with due diligence;" and what is due diligence must depend on the circumstances of the case in which the question is raised. (*Wightman* v. *Western Marine I. Co.*, 8 Rob. La. 442; *Walsh* v. *Washington I. Co.*, 32 N. Y. 442; *Central I. Co.* v. *National I. Co.*, 20 Barb. 468; Angell on Insurance, Secs. 231, 234.)

It cannot, therefore, be argued that the plaintiff's averment of due performance, which is simply the averment of

a conclusion of law, fixes the date either of giving notice of loss or of furnishing the particular account which the policy requires.

Established precedents of complaints on policies providing that the amount shall only be payable a given period after notice and proof of loss, are against the plaintiff. (2 Chitty Pl. 539, 540, 541, 542 ; Archbold's Nisi Prius, 279—being Vol. 34, Law Library, 275 ; Abbott's Pl. and Forms, 187, 190, 193, 196 ; 2 Greenleaf Ev. 383; Yates' Pleadings and Forms, 446.) The question of pleading here raised must be considered just as if it were presented on demurrer. Judgment was entered by default, consequently there was no verdict to heal any defect in the complaint, even if the present defect could have been so healed. (Gould's Plead. 505, Chap. X, Sec. 26.) The defect in question is not remedied by the averment that "the whole of said sum is now due," for this is but a conclusion of law, which is of no effect in pleading. The plaintiff must set forth the facts, showing the sum to be due; and one of those facts is, that notice and proofs required were served sixty days before suit was commenced. (*Levinson* v. *Schwarz*, 22 Cal. 229; *Curtis* v. *Richards*, 9 Cal. 33; *Wells* v. *McPike*, 21 Cal. 215; *Freisch* v. *Caler*, 21 Cal. 71.)

*Vanclief & McCann*, for Respondent.

Counsel seem to have overlooked or disregarded a statute which is incorporated in the Practice Act, viz: section sixty, in exact accordance with which the complaint states "that the plaintiff duly performed all the conditions on her part, in said policy to be performed;" and in addition to this, and with much more particularity than required by the Practice Act, we allege the performance of the particular condition in question, as follows: "That she gave to defendant due notice and proof of the fire and loss aforesaid, and demanded payment," etc. But we rely on the general allegation. It

covers every condition and every part of each condition, so that counsel can make nothing by attempting to sever from a single condition its attributes, and to make of each of them a distinct condition, as he does of the attribute of time, belonging to the condition in question.

The sixtieth section of our Practice Act was intended specially to relieve from the great labor of pleading according to the old rules, in actions like those arising on modern policies of insurance, wherein the conditions precedent to a right of action are extremely numerous, and some of them very nearly, if not quite, impossible. (*Himmelmann* v. *Danos*, 35 Cal. 447 ; *Cal. Nav. Co.* v. *Wright*, 6 Cal. 258 ; *People* v. *Jackson*, 24 Cal. 632; 1 Abbott's Forms, 298, note *x*; *Hatch* v. *Peet*, 23 Barb. 580.)   Even under the old system of pleading, where the conditions are numerous, and under some other circumstances, performance of them may be pleaded generally.   (Stephen on Pleading, 336, 356.)

If the allegation were defective in form only, as being too general, the defect would be cured by either a verdict or a default.   (*Hentsch* v. *Porte*, 10 Cal. 557; *People* v. *Rains*, 23 Cal. 127 ; *Jones* v. *Black*, 30 Cal. 228 ; *Barron* v. *Frink*, 30 Cal. 489; *Himmelmann* v. *Spanagel*, 39 Cal. 402.)

By the Court, WALLACE, C. J.:

The plaintiff brought this action upon three several policies of insurance by which the defendant had insured her against loss or damage by fire upon certain property of hers. The defendant not appearing, a default and final judgment for the plaintiff was entered below, and after an ineffectual effort made there to set aside the default and to obtain leave to defend the action, the defendant brings this appeal.

The complaint contains three counts, each of which sets forth *in haec verba* the policy, for a breach of which it professes to proceed, and the first point made is, that each of

said counts is radically defective, and substantially insufficient to support the judgment by default which the plaintiff obtained, in that it does not appear that the sum for which judgment was rendered, or any part thereof, was due.

As the several counts and policies sued upon are, *mutatis mutandis*, identical, it will only be necessary to particularly notice the first one.

By the terms of the policy it is provided as follows: " The amount of loss or damage to be estimated according to the actual cash value of property at the time of the loss, and *to be paid sixty days after due notice and proof of the same made by the assured*," etc. It is objected, that it does not appear from the allegations of the complaint that when the action was commenced this period of sixty days had elapsed. In answer to this point the respondent relies upon the following averments in the complaint:

" That the plaintiff duly performed all the conditions on her part, in the said policy of insurance, to be performed. That she gave to defendant due notice and proof of the fire, and loss aforesaid, and demanded payment of the said sum of six hundred dollars; that no part of the same has been paid, and that the whole of said sum is now due, for which she demands judgment," etc.

The allegation that the sum " *is now due* " may be laid out of the case, inasmuch as that is a conclusion of law merely. Nor does the averment that the plaintiff duly performed all the conditions on her part, in the said policy of insurance to be performed, and that she had given due notice and proof of the loss, aid the complaint in this respect.

Under the terms of the policy, the doing of these things would not give her an immediate right of action against the defendant for the payment of the sum demanded, for the defendant was not bound to pay until the lapse of sixty days thereafter. In a complaint filed on the very next day after

the notice and proof had been given, it might have been alleged, with truth, that all these things had been done; and yet it will not be pretended that she would at that time have had a cause of action against the defendant, or that the latter was then in default because payment had not been made. The delay of the sixty days after notice, to which, under the terms of the policy, the defendant is entitled, is a substantial right secured by the stipulation of the contract, not merely to enable it to prepare to pay, but also to investigate the circumstances under which the loss occurred, with a view of determining whether or not the loss had been of such a character as involved an obligation upon its part to pay at all.

Judgment reversed, and cause remanded.

Mr. Justice BELCHER did not express an opinion.