[No. 12608.   In Bank. — January 29, 1889.]

## MARY COWAN, RESPONDENT, v. PHENIX INSURANCE COMPANY, APPELLANT.

FIRE INSURANCE — APPLICATION PART OF POLICY — WARRANTY — PLEADING. — In counting on an insurance policy it is not necessary to aver performance, nor the truth of any affirmative warranty *in præsenti* contained in the application, nor to set forth such warranties. And though it is required to aver due performance of promissory warranties unless of a negative character, yet if the application which is made part of the policy is not set forth in the complaint, it cannot be presumed on demurrer that it contained promissory warranties material to plaintiff's case. The application being in the hands of the insurance company, it can set out in its answer any promissory warranty contained in the application, and aver non-performance thereof.

ID. — MATURITY OF CAUSE OF ACTION — PROOF OF LOSS — PLEADING. — It is essential, in an action on a fire insurance policy which provides for payment within sixty days after proof and ascertainment of loss, to show in the complaint that such period of sixty days had expired before suit. An allegation that the plaintiff had duly performed all conditions on his part will not aid the complaint, as respects the lapse of the requisite period.

ID. — ARBITRATION OF AMOUNT OF LOSS — WAIVER OF PROOF OF LOSS — PLEADING. — Where a fire insurance policy provides for ascertainment of the amount of loss by agreement or by arbitration, upon failure to agree after proof has been furnished by the insured of the fact of loss, an allegation in a suit on the policy that the insured furnished such proof, and offered in writing to arbitrate the amount of the loss, but that the company refused such arbitration, and refused to pay the insurance or any part of it, but not averring a failure to agree upon the amount, does not show a right to resort to arbitration, or that the proof of loss was waived by the company, or that the time of payment had expired. The arbitration, if resorted to, might extend the time of payment more than sixty days from the proof of loss, but would in no event shorten it.

APPEAL from a judgment of the Superior Court of Butte County.

The facts are stated in the opinion of the court.

*Jarboe, Harrison & Goodfellow*, for Appellant.

The complaint should have set forth the application. (*Gilmore* v. *Lycoming Fire Ins. Co.*, 55 Cal. 123.) The complaint does not allege that sixty days had elapsed after proof of loss. (*Doyle* v. *Phœnix Ins. Co.*, 44 Cal. 264.)

*Gray & Sexton,* for Respondent.

The cause of action accrued when the defendants refused to join in ascertaining the loss.

THORNTON, J. — Action on policy of fire insurance, on which plaintiff recovered judgment.     Defendant appeals.

The complaint was demurred to on the general ground.

The counsel of defendant states in their brief very clearly the particulars in which they contend that the complaint is insufficient.     We copy these from the brief. They are as follows: —

" 1. The plaintiff alleges that, for a sufficient consideration, the defendant made its policy of insurance to her, a copy of which is annexed to and made a part of the complaint.     That policy contains the following agreements and conditions: ' By this policy of insurance, the Phenix Fire Insurance Company of Brooklyn, in consideration of $35.75, and *subject to and under the conditions hereinafter mentioned,* do insure Mary McMullan against loss or damage by fire to the amount of one thousand five hundred dollars, as per slip hereto attached.'     [Here are specified the several objects which are insured, and the amounts on each.]

" As per application and diagram of assured on file with this company, *which is hereby made a part of this policy,* and a warranty by the assured.

" 1. If an application, survey, plan, or description of the property herein described is taken, whether said application, survey, plan, or description be taken or signed subsequent or prior to the issue of this policy, such application, survey, plan, or description shall be considered *a part of this contract,* and a warranty by the assured; and any false representation by the assured of the condition, situation, or occupancy of the property, or any omission to make known every fact material to the risk, or any overvaluation, or any misrepresentation whatever, either in a written application or otherwise, or if the

assured shall have or shall hereafter make any other insurance, whether valid or not, on the property herein described, or any part thereof, without the consent of this company written hereon, or the risk be increased by the erection or occupation of neighboring buildings, or by any means whatever, without the consent of this company indorsed hereon, then and in every such case this policy is void.

" 2. By the terms of the policy, it is provided that the amount of loss or damage shall be estimated according to the actual cash value of the property at the time of the loss, and ' be paid *sixty days* after the proofs of the same required by the company shall have been made by the assured and received at the office in Chicago.'

" The only allegation upon this subject is, ' that afterward (that is, after the fire), and before the commencement of this suit, plaintiff furnished the defendant with proof of her said loss and of her interest in said property.' "

These statements are correct as to the allegations of the complaint.

It is argued that the complaint is defective in that it does not set forth the application of the assured, which is declared to form a part of the policy.

It appears clearly from the complaint that there was an application which was made a part of the policy. The contents of it are not stated in the complaint. But it is stated in the complaint by appending the policy to and making it part of it, that there was an application, and that that application should be considered a warranty by the assured.

This stipulation of the contract is a solemn engagement by the assured that the representations made in the application at the time they were made, and when the policy became a contract, were true and correct

There are two classes of conditions usually inserted in

policies, the first pointing to the time of the contract; the second to things which may occur or which may have to be performed at a time subsequent.

In the former case the stipulation is called an *affirmative warranty*, and in the latter a *promissory warranty*. (1 Marshall on Insurance, 578; Angell on Insurance, sec. 145; *Jefferson Ins. Co.* v. *Cotheal*, 7 Wend. 72; 22 Am. Dec. 567.) Affirmative warranties are sometimes called warranties *in præsenti*. (1 Wood on Insurance, 444.) A breach of an affirmative warranty consists in the falsehood of the affirmation, when made, of a promissory warranty, which is in its nature executory, of the non-performance of the stipulation. (*De Hahn* v. *Hartley*, 1 Term Rep. 343.)

A stipulation that " a watchman shall be kept on the premises nights," is a promissory warranty. (Wood on Insurance, secs. 179, 186.) So also that, during the risk, the premises shall be used as a hotel, is a promissory warranty that it shall be so used. An engagement that so many buckets of water shall be kept by the assured on any floor of a building is also a promissory warranty. (1 Wood on Insurance, sec. 187.)

Instances of promissory or executory warranties may be found in *Murdock* v. *Chenango M. I. Co.*, 2 N. Y. 210, and *Bobbitt* v. *L. & L. & Globe Ins. Co.*, 66 N. C. 70; 8 Am. Rep. 494.

In pleading performance of conditions precedent in a contract, it is not necessary, under the law of this state, to state the facts showing performance, but it may be stated generally that the party duly performed all the conditions on his part. (Code Civ. Proc., sec. 457.)

In counting on a policy of insurance, we cannot see that there is any necessity of averring performance by the insured of anything warranted to be true when the policy is issued, for the reason that there is nothing to be performed. When the assured has warranted a thing to exist or a representation to be true, at a time

when a policy becomes consummated as a contract, he has done all that he can do. The warranty is agreed to by him, and there is an end of all he can do or perform. Under the section of the Code of Civil Procedure above referred to, he is only required to aver performance of the conditions on his part to be performed, and where there is nothing in the representation or statement to be performed by the plaintiff, there is no necessity of setting forth such representation or statement. Clearly when nothing is required to be performed by him, such an averment by him would be useless and without meaning. Whereas, in the case of a promissory warranty, the assured has warranted that he will do something during the existence of the risk, the requisition of averment of such stipulation and of its performance is required. As is said in 2 Wood on Insurance, page 1136: "It can readily be determined of what matters performance should be averred by ascertaining what, under the policy, the assured has stipulated to do, and what he must do in order to recover, and he must aver performance of all such conditions, as where he stipulates to erect a chimney, to keep a watchman, to put in a force-pump, to keep water in certain quantities and in certain places, or any other matter or thing which the insurer has contracted to do."

In same connection this author on the same page says: " But, as to all other matters, which are in the nature of exceptions, or which are merely prohibitory, and provide that the assured *shall not* do certain things, the plaintiff need not make any special averments, as they are merely matters of defense, which, if relied upon by the insurer, must be pleaded and proved by him; and if nothing is said in the declaration as to whether such conditions have been broken or not, the declaration will not be defective."

These statements of Mr. Wood are sustained by cases cited by him, and are on principle correct.

In *Bobbitt* v. *L. & L. & Globe Ins. Co., supra,* the warranty was held by the court to be a stipulation or warranty by which the assured bound himself that the cash value of the tobacco insured during the period of the risk would continue to be about thirty thousand dollars. This was substantially an agreement that the insured would keep on hand tobacco during the period of the risk, of the value of about the sum above named. The assured had agreed to do something, and therefore it was necessary for him to set forth in his complaint what he had agreed to do, and that he had performed it. It may be remarked of the case cited that there was as to the tobacco insured an affirmative warranty as well as a promissory warranty. The language in the application, which was a part of the policy, construed by the court was this: "The present cash value of the tobacco on hand is thirty thousand dollars, and it will be increased to fifty thousand dollars. The average value on hand, say thirty thousand dollars." The statement that the present cash value of the property on hand is thirty thousand dollars is an affirmative warranty, speaking of the time when the policy became operative. The remaining words are substantially a promise that a quantity of tobacco shall be kept on hand, of the average value of thirty thousand dollars. The court in its opinion speaks of it as a description of the property insured. It was not only such a description, but it was a promise that such a description should continue to be true during the period for which the insurance was made. It was in effect a promise such as is stated above.

It was in reference to this promise that the court said that it was part of the contract, should be set out in the complaint, and proved by the plaintiff.

An application is generally nothing more than a representation made by a party when he applies for insurance of his property. These statements or representations relate to the descriptive character and value of

the property of which insurance is sought, and how such property is used.   When the application is made a part of the policy given out and a warranty, the warranties in it are of the kind styled affirmative or *in præsenti;* they constitute a contract that the representations made in the application are true.   Of such engagements or contracts, there is nothing to be done or performed by the insured, and therefore the statements need not be' set forth in a complaint on the policy, or any averment of the performance of them.   A plaintiff is not called on to aver or prove the truth of such representations in his complaint.   It was so held in the case of *Herron* v. *Peoria M. & F. Ins. Co.,* 28 Ill. 238, 81 Am. Dec. 272, upon a demurrer to a complaint, where the same objection was made to it as in the case before us, and the ruling of the court below sustaining the demurrer was reversed.

It is said that something material, or which may ,be material to plaintiff's right to recover, has been left out of the complaint.

In reply to this, we say it does not appear that anything material in the application, or which may be material to plaintiff's case, has been left out.   The application is not before us, and we cannot say what is in it; therefore we cannot say that anything material is omitted from the complaint.   As to the contention that there may be something material in the application which is omitted from the complaint, in addition to what is said above we will further say that a demurrer to a complaint should not be sustained because there may be possibly something in an application affecting plaintiff's right to recover which is not averred in the complaint.

Certainly we should not reverse a ruling of the court below overruling a demurrer on a "perhaps."   Error should clearly appear to justify such a course.

In ruling against the defendant on the point above discussed, we desire to say further that we cannot see

how it can receive any detriment from the lack of the suggested allegation. The policy states that the application is filed with the defendant, and in his answer defendant can set it out and aver non-performance of anything required by it to be performed.

The second objection to the complaint is, that it does not appear that the proof of loss was furnished to the defendant sixty days before the commencement of this action.

This question was presented to this court in *Doyle* v. *Phœnix Ins. Co.*, 44 Cal. 264, and it was there held that a complaint with a similar allegation was fatally defective.

The court said in the case cited: "By the terms of the policy, it is provided as follows: 'The amount of loss or damage to be estimated according to the actual cash value of the property at the time of the loss, and *to be paid sixty days after due notice and proof of the same made by the assured*,' etc. It is objected that it does not appear from the allegations of the complaint that, when the action was commenced, this period of sixty days had elapsed. In answer to this point, the respondent relies upon the following averments in the complaint: 'That the plaintiff duly performed all the conditions on her part, in the said policy of insurance, to be performed; that she gave to defendant due notice and proof of the fire and loss aforesaid, and demanded payment of the said sum of six hundred dollars; that no part of the sum has been paid; and that the whole of the said sum is now due, for which she demands judgment,' etc.

"The allegation that the sum '*is now due*' may be laid out of the case, inasmuch as that is a conclusion of law merely. Nor does the averment that the plaintiff duly performed all the conditions on her part, in the said policy of insurance to be performed, and that she had given due notice and proof of the loss, aid the complaint in this respect.

"Under the terms of the policy, the doing of these things would not give her an immediate right of action against the defendant for the payment of the sum demanded, for the defendant was not bound to pay until the lapse of sixty days thereafter.  In a complaint filed on the very next day after the notice and proof had been given, it might have been alleged, with truth, that all these things had been done; and yet, it will not be pretended that she would at that time have had a cause of action against the defendant, or that the latter was then in default because payment had not been made.  The delay of the sixty days after notice, to which, under the terms of the policy, the defendant is entitled, is a substantial right secured by the stipulation of the contract, not merely to enable it to prepare to pay, but also to investigate the circumstances under which the loss occurred, with a view of determining whether or not the loss had been of such a character as involved an obligation upon its part to pay at all."

But it is said in reply to this by plaintiff that the following averments in the complaint render it sufficient, in the absence of allegations showing that the proofs of loss were furnished sixty days before the commencement of this action:—

"That afterwards and before the commencement of this suit, plaintiff furnished the defendant with proof of her said loss and her interest in the said property, and offered in writing to arbitrate the value of the said property so lost by the said fire, and named in said writing the person selected by her to be one of said arbitrators, and otherwise performed all the conditions of said policy, on her part to be performed.  But the said defendant, with the intent and purpose to cheat and defraud this plaintiff out of her said insurance, refused to arbitrate the value of the property so lost by the said fire, or to name, or to appoint any person arbitrator, or to pay to plaintiff said insurance money, or to communicate with

plaintiff in reference thereto, but absolutely and unqualifiedly refused to pay to plaintiff said insurance money or any part thereof, or to treat with plaintiff in regard thereto."

The provisions of the policy in regard to proof of loss are as follows: "The amount of loss or damage to be estimated according to the actual cash value of the property at the time of the loss, and to be paid sixty days after the proofs of the same required by the company shall have been made by the assured, and received at the office in Chicago, and the loss shall have been ascertained and proved in accordance with the terms and provisions of this policy, unless the property be replaced, or the company shall have given notice of their intention to rebuild or repair the damaged premises.

" Persons sustaining loss or damage by fire shall forthwith give notice in writing of said loss to the company, and, within thirty days thereafter, render a particular and specific account of such loss, signed and sworn to by them, stating whether any and what other insurance has been made on the same property, giving copies of the written portions of all policies thereon; also the actual cash value of the property, and their interest therein; for what purpose and by whom the building insured, or containing the property insured and the several parts thereof, were used at the time of the loss, when and how the fire originated, and shall produce a certificate under the hand and seal of a magistrate or notary public nearest to the place of the fire not concerned in the loss as a creditor or otherwise, nor related to the assured, stating that he has examined the circumstances attending the loss, knows the character and circumstances of the assured, and verily believes that the assured has, without fraud, sustained loss on the property described, to the amount which such magistrate or notary public shall certify."

This last paragraph quoted is from subdivision 9 of

the policy.    There are other provisions in this subdivision which need not be quoted, bearing on the subject of the proofs of loss.

The respondent's counsel, referring to the language of the first paragraph just above quoted as to proofs of loss, asks: "Now, how is the loss to be ascertained and found in accordance with the terms and provisions of this policy?"  He then proceeds to say that the mode prescribed by the policy for ascertainment is the arbitration clause of the policy, which is in these words: —

"The amount of said value and of damage to the property, whether real or personal, covered by this policy or any part thereof, may be determined by mutual agreement between the company and the assured, or failing to agree, the same shall then at the written request of either party be submitted to competent and impartial arbitrators, one to be selected by each party; the two so chosen in case of disagreement to select a third; and the award of any two of them in writing under oath shall be binding and conclusive as to the amount of such loss or damage, but shall not determine the validity of the contract, nor the liability of this company, nor any other question except only the amount of such loss or damage."

We cannot discern that the proofs of loss or damage are dispensed with or waived by the provision.

The stipulation in the policy that the amount of loss or damage may be determined by arbitration only takes effect when the parties have failed to agree, and there is no allegation in the complaint that they have failed to agree.

If an arbitration is required by the policy to ascertain and determine the amount of loss or damage, still it is clear, from the clause first quoted in regard to proofs of loss, that the loss is not payable until sixty days after the proofs have been made and received at the office in Chicago.

If arbitration is resorted to for the ascertainment and proof of the amount of loss, and the award is not made until the period of sixty days above stated has elapsed, still the amount of loss is not payable until such award is made. The resort to arbitration may prolong the day of payment beyond sixty days, but cannot shorten that period. This is clear from the words used in the clause first above quoted, which provides that the loss shall not be paid until sixty days after the proofs shall have been received at the office in Chicago, and shall have been ascertained and found in accordance with the terms and provisions of the policy, i.e., by arbitration, when resort is had to it, if the contention of the plaintiff is to be sustained. We think it clear that the resort to arbitration, as said above, may prolong the day of payment beyond the sixty-day period, but cannot bring it within the sixty days.

We are of opinion that the objection to the complaint just above discussed is well taken, and that the demurrer to it should have been sustained.

We deem it unnecessary to pass on the other point made by the defendant in regard to the verdict, as there is no probability of its arising on a new trial.

For the reasons above given, the judgment is reversed and the cause remanded for a new trial, with direction to the court below to sustain the demurrer to the complaint, with leave to the plaintiff to amend.

Ordered accordingly.

WORKS, J., SHARPSTEIN, J., McFARLAND, J., and PATERSON, J., concurred.