## HIMMELEIN v. SUPREME COUNCIL AMERICAN LEGION OF HONOR.

### No. 14,951; August 30, 1893.

#### 33 Pac. 1130.

**Mutual Benefit Insurance—Action on Certificate.**—An application for membership in a benefit society, and statements of the applicant to the medical examiner, both of which are on file in the office of the secretary of the society, and are referred to in the benefit certificate, and made part of the contract, need not be set out in the complaint in an action on the certificate. Cowan v. Insurance Co., 78 Cal. 181, 20 Pac. 408, followed.

**Mutual Benefit Insurance—Action on Certificate.**—In an action on a benefit certificate, by which defendant promised "to pay out of its benefit fund to [plaintiff] a sum not exceeding $500," the complaint after setting out the certificate alleged that "by the terms and conditions of the said contract the said defendant promised to pay to the plaintiff, out of its benefit fund, the sum of $5,000"; that the mem-

ber had performed all the conditions of the contract; "and that said sum of $5,000 is now due and owing from the said defendant to this plaintiff." Held, that the complaint sufficiently stated a cause of action for $5,000.

Mutual Benefit Insurance.—A Provision in a Benefit Certificate, that it shall be payable only on its surrender, is waived where the benefit society refuses to pay solely on the grounds of nonpayment of assessments, and that another beneficiary had been substituted.

Mutual Benefit Insurance.—In an Action on a Benefit Certificate, by the terms of which the claim was not due until proof of death was furnished, interest will be allowed only from the commencement of the' action, where the complaint merely states that proof of death had been made, without showing when, and the findings only show that the proof was made "before the commencement of this action."

APPEAL from Superior Court, City and County of San Francisco; William T. Wallace, Judge.

Action by Sarah A. Himmelein against the Supreme Council American Legion of Honor. There was a judgment in favor of plaintiff and defendant appeals. Modified.

Walter D. Mansfield for appellant; Davis Louderback for respondent.

PER CURIAM.—The defendant is an association incorporated under the laws of the commonwealth of Massachusetts for several purposes, one of which is: "5th. To establish a benefit fund from which, on the satisfactory evidence of the death of a beneficial member of the order who has complied with all its lawful requirements, a sum not exceeding five thousand dollars shall be paid to the family, orphans, or dependents, as the member may direct." It has power to institute subordinate councils and grand councils in other states and countries, and in 1879 did institute at the city of San Francisco, in the state of California, a subordinate council called "Golden Council, No. 118," of which Eugene Alphonso Millard became a member of the sixth degree on the first day of May, 1881; and thereafter, June 2, 1881, the said supreme council issued and delivered to Millard the following "benefit certificate" or policy of life insurance:

"No. 24,311.

"$5,000.

## "AMERICAN LEGION OF HONOR BENEFIT CERTIFICATE.

"This certificate is issued to companion Eugene Alphonso Millard, a member of Golden Council, No. 118, A. L. H., located at San Francisco, Cal., upon evidence received from said council that said companion is a sixth degree contributor to the benefit fund of this order, and upon condition that the statements made by said companion in application for membership in said council, and the statements certified by said companion to medical examiner, both of which are filed in the supreme secretary's office, be made a part of this contract, and upon condition that the said companion complies in the future with the laws, rules, and regulations now governing the said council and fund, or that may be hereafter enacted by the supreme council to govern said council and fund. These conditions being complied with, the supreme council of the A. L. H. hereby promises and binds itself to pay out of its benefit fund to Sarah Alexandrina Millard, wife, a sum not exceeding five thousand dollars, in accordance with, and under the provisions of, the laws governing said fund, upon satisfactory evidence of the death of said companion and upon the surrender of this certificate: provided, that said companion is in good standing in this order at the time of death: and provided, also, that this certificate shall not have been surrendered by said companion, and another certificate issued, in accordance with the laws of this order."

From 1874 until the death of Eugene A. Millard, Sarah Alexandrina Millard, who is named as beneficiary in said certificate, was his lawful wife, but after his death she married John Himmelein, and, by the name Sarah Alexandrina Himmelein, commenced this action on said certificate on July 30, 1885, to recover from defendant $5,000 and interest thereon; and the judgment of the court, without the intervention of a jury, was rendered in her favor on May 18, 1891, for the sum of $5,000, and interest thereon from the death of Millard (February 23, 1884), the judgment for principal and

interest amounting to $7,535.53. The defendant appeals from the judgment and from an order denying a new trial.

1. It is contended for appellant that the complaint does not state sufficient facts to constitute a cause of action:

First. Because the statements in Millard's application for membership, and his statements to the medical examiner, both on file in the office of the supreme secretary, and both referred to in the policy, and made parts of the contract, are not set out in the complaint. A sufficient answer to this point may be found in the opinion of this court in the case of Cowan v. Insurance Co., 78 Cal. 181, 20 Pac. 408.

Second. It is claimed the complaint does not state a cause of action, because it appears on the face of the policy set out in the complaint that it is not a contract to pay $5,000 absolutely, but only to pay a sum not exceeding $5,000, and that no facts are alleged by which the court can estimate and determine what sum the plaintiff is entitled to. There was no demurrer to the complaint, and therefore appellant is not entitled to complain on the ground of mere uncertainty or ambiguity. The policy set out in the complaint states that the defendant "promises and binds itself to pay out of its benefit fund to [plaintiff] a sum not exceeding five thousand dollars, in accordance with, and under the provisions of, the laws governing said fund." After setting out the policy, the complaint states "that by the terms and conditions of the said contract, the said defendant promised to pay to the plaintiff, out of its said benefit fund, the sum of five thousand dollars"; then alleges that Millard performed all the conditions of said policy to be performed by him; that the defendant has, and always has had, in its benefit fund, sufficient money to pay $5,000, and the interest thereon; "and that said sum of five thousand dollars is now due and owing from the said defendant to this plaintiff." These allegations are to the effect, and must have been understood by a person of ordinary understanding to mean, that by the performance of all the conditions precedent on the part of Millard, and by virtue of, and "in accordance with, . . . . the provisions of the laws governing said fund," the conditional promise of the defendant had matured into an absolute obligation to pay the full sum of $5,000, with interest thereon. Yet it is contended that the "provisions of the laws governing said fund,"

referred to in the policy, should have been stated or set out in the complaint, and that otherwise the sum due on the policy could not have been estimated or determined from the complaint. Conceding the complaint to have been defective in this respect, the defect was waived, and rendered harmless, if not entirely cured, by a stipulation between the attorneys of the respective parties, made and filed before the defendant answered the complaint, by which it was agreed that two printed pamphlets then on file in the case contained all the laws of defendant applicable to or bearing upon this case, or referred to in the policy, and that such laws were to be "introduced, admitted, and read in evidence." This stipulation is expressly referred to in the answer of defendant, and in pursuance thereof the answer refers to said pamphlets as then being on file in this action, and containing the laws and constitutions of the defendant, as though they were exhibits annexed to the answer. The object and substantial effect of the stipulation was to make it a part of the pleadings by which all the laws of the defendant, applicable to the case, became conclusively admitted facts. Both parties acted upon, and had the benefit of, the stipulation. Each party read from the pamphlets such portions of the laws as deemed favorable to its theory of the case, without objection, and the stipulation and the contents of the pamphlets are made parts of the statement on motion for new trial. If the stipulation had not been made, and defendant had demurred to the complaint, or had objected to evidence of the laws on the ground that they had not been pleaded, the plaintiff might have been permitted to amend her complaint so as to make it unobjectionable. The laws of the defendant, admitted by the stipulation, together with the facts properly alleged in the complaint, and found by the court to be true, warrant the legal conclusion that the policy obligated the defendant to pay the plaintiff the full principal sum of $5,000; and in view of the stipulation, and the action of the parties thereunder, in which appear all the elements of an estoppel in pais, the defendant cannot be heard on this appeal, for the first time, to object to the complaint on the ground that those laws were not therein set out: Donner v. Palmer, 51 Cal. 630.

Third. The third objection to the complaint is substantially the same as the second, and admits of the same answer.

Fourth. Inasmuch as the policy is made payable "upon the surrender of this certificate," it is contended that the complaint is defective, in that it does not aver a surrender of the certificate. It is alleged in the complaint that satisfactory evidence of the death of Millard was furnished to defendant, but that defendant refused, and still refuses, to pay to plaintiff said sum of $5,000, or any part thereof. The answer not only admits (by not denying) the alleged refusal to pay, but denies defendant's liability to pay any sum on other grounds than the failure of plaintiff to surrender the certificate, namely, nonpayment of assessments, and that another beneficiary had been submitted for the plaintiff, without alleging as a defense, or at all, a failure or refusal to surrender the certificate. Conceding, for the sake of the argument, merely, that the surrender of the policy is a condition precedent to the right to recover, yet like the condition in a policy of fire insurance requiring proof of loss, etc., it may be waived by the insurer's denial of all liability on other grounds. In Bacon on Benefit Societies and Life Insurance (section 413), the author says: "No proofs of loss are necessary if the company disclaims all liability under the contract. Probably no rule of insurance is better settled than this. . . . . And so, when the insurer declines to pay the loss, and assigns a reason other than want of proofs, as, for example, the nonpayment of an assessment, then proofs of loss are excused. This rule, also, has never been denied. Many other acts and circumstances will be construed to amount to a waiver of proofs of loss, or of any defects which might, under other conditions, be taken advantage of": See, also, Schwarzbach v. Protective Union, 25 W. Va. 648, 52 Am. Rep. 227. And thus the defendant in this case waived a surrender of the certificate, since it must be presumed that its agents had knowledge of the failure to surrender the certificate, if such was the fact, at the time they denied all liability of defendant on other grounds.

2. It is contended for appellant that the court erred in allowing interest on the principal sum found due on the policy from the date of Millard's death, or any interest whatever, for the reason that before adjudication the sum which plaintiff was entitled to recover was uncertain and unliquidated; and, furthermore, that it does not appear when defendant was

furnished with proof of Millard's death. It is true that, while it is alleged that proof of Millard's death had been made, the complaint does not show when it had been made, and the findings show only that it was furnished to defendant "before the commencement of this action." It was therefore error to allow interest for any time before the commencement of the action, since by the terms of the policy the demand was not due until such proof was furnished. Millard died February 23, 1884, and this action was commenced July 30, 1885. Therefore, interest should have been allowed only from and after this last-mentioned date: Chase v. Insurance Co., 67 Me. 85–91; Trager v. Insurance Co., 31 La. Ann. 235, 442. It is not true, however, that the sum to which plaintiff was entitled was unliquidated or uncertain at the time the action was commenced. On the complaint and stipulated facts the plaintiff was entitled to recover on the contract (policy) the certain principal sum of $5,000, and interest thereon from and after the maturity of defendant's obligation to pay the same. The court found all the facts stated in the complaint to be true, and the defendant is estopped from denying the stipulated facts as to the laws and constitution of the defendant: Donner v. Palmer, 51 Cal. 630. By the terms of the policy, and according to defendant's answer, the defendant was to pay "out of its benefit fund . . . . a sum not exceeding five thousand dollars, in accordance with, and under the provisions of, the laws governing said fund." According to those laws, the plaintiff, on the facts alleged in the complaint, was entitled to recover the certain sum of $5,000. No assessment was necessary, since it is admitted by the pleadings that there was sufficient money in the benefit fund to pay the sum demanded. Nor was any assessment authorized, unless the benefit fund required it. Appellant's objections to interest, after the demand became due, ultimately rest on the alleged insufficiency of the complaint, in that it did not set out the laws, entirely ignoring the stipulation as to those laws. The reading of the laws governing the benefit fund as a part of the contract, in connection with the facts alleged in the complaint and found by the court, removes all uncertainty as to what sum the plaintiff was entitled to recover at the date of the commencement of the action, and furnishes an answer to all objections to the allowance of in-

terest from and after that date: Civ. Code, sec. 3287. This conclusion is not in conflict with the decision of this court in the case of Deardorff v. Association, 89 Cal. 600, 27 Pac. 158, as will become obvious on comparison of the facts of this case with those of that.

3. It is contended that the finding that Millard was a member in good standing immediately before he died and the finding that no other person had been substituted for plaintiff as beneficiary are not justified by the evidence. There is but little real conflict of evidence upon either of these issues, and the evidence tending to sustain the findings on both seems amply sufficient.

4. The contention of appellant that, although no substitution of beneficiary was actually made, yet it should have been made, and therefore, upon equitable principles, should be considered as having been made, has no foundation either in defendant's answer or in the evidence. It does not appear that the substitution claimed would have been equitable, but the contrary.

5. The contention that plaintiff was estopped from claiming the benefit of the policy by her acquiescence in the proceedings in an action by Nellie C. Millard upon the same policy (81 Cal. 340, 22 Pac. 864) is without merit. That action is not mentioned or referred to in the pleadings. This plaintiff was not a party to it. No record of it was introduced in evidence, and there was no evidence that plaintiff acquiesced in it or in any proceeding therein. The cause is remanded, with direction to the court below to modify the judgment by deducting therefrom the interest thereby allowed for any time prior to the commencement of the action. As so modified, the judgment and order are affirmed; costs of appeal to be taxed to respondent.