CALIFORNIA SAV. BANK OF SAN DIEGO v. AMERICAN SURETY CO. OF NEW YORK.

(Circuit Court, S. D. California.   October 18, 1897.)

No. 706.

1. INDEMNITY BONDS—PLEADING—PROOFS OF LOSS.
    An action was brought on two bonds, by which defendant was obligated to reimburse any loss sustained by plaintiff, through the fraud or dishonesty of its employés therein named, "within three months next after notice, accompanied by satisfactory proof of loss, * * * has been given to" plaintiff.   The complaint did not, in terms, allege the giving of proof of loss, but did allege that "plaintiff duly kept and performed all the conditions of said bond on its part."   The statute of California (Code Civ. Proc. § 457) provides that, in pleading the performance of conditions precedent in a contract, "it may be stated generally that the party duly performed all the conditions on his part."   On demurrer, held, that this statute did not relieve plaintiff of the necessity of alleging facts showing that three months had elapsed after proof of loss, and before the action was brought.

2. SAME.
    The complaint also alleged that the sum demanded "is now due."   Held, a mere conclusion of law.

3. SAME.
    The complaint alleged that plaintiff gave notice of the loss in 1895, and that defendant had in fact "been fully advised and informed of and concerning the aforesaid breaches * * * ever since the month of May, 1892." Held, that this fact did not dispense with the necessity of furnishing proof of loss, as a condition precedent to plaintiff's right of action.

4. SAME—TIME OF DISCOVERY OF LOSS.
    The obligation of defendant, as expressed in the bonds, was to make good "all and any pecuniary loss sustained by the employer, * * * and discovered within six months from the death or dismissal or retirement of the employé from the service of the employer."   Held, that an allegation that the loss was discovered within such six months was essential to the statement of a cause of action.

McDonald & McDonald and D. C. Collier, for plaintiff.
Allen & Flint, for defendant.

WELLBORN, District Judge.    This action is upon two bonds, each of which obligates the defendant, subject to certain provisions, to reimburse any loss sustained by plaintiff through the fraud or dishonesty of the employés therein named; the employé named in one bond being

John W. Collins, plaintiff's vice president, and in the other Frederick T. Hill, plaintiff's cashier. The amounts sued for are $18,000 on one of the bonds (that of Collins), and $15,000 on the other, making a total of $33,000. There are three counts in the complaint. The first and second counts are based, respectively, on said bonds, while the third count is virtually a union of the causes of action set forth in the two preceding counts. A demurrer on numerous grounds has been interposed to each count. As the three counts are identical, except as to amounts, and names of employés, it will only be necessary to particularly notice the first one.

Among other objections, it is urged that said count does not show that three months elapsed after notice and proof of loss before the commencement of the action. The clause of the bond material here, and wherein defendant is referred to as the "company," and plaintiff as the "employer," is as follows:

"It is hereby declared and agreed that, subject to the provisions herein contained, the company shall, within three months next after notice, accompanied by satisfactory proof of loss, as hereinafter mentioned, has been given to the company, make good and reimburse to the employer all and any pecuniary loss," etc.

After alleging four distinct breaches of the bond, the complaint proceeds as follows:

"That the plaintiff duly kept and performed all the conditions of said bond on its part, and on the 16th day of December, 1895, notified the defendant, in writing, at its office in the said city of New York, of each and all of the above-stated breaches of said bond by said Collins, including the date and manner thereof, and the resultant loss to the plaintiff by and from said breaches, and demanded from the defendant payment of the full penalty of said bond. But to pay the same or any part thereof the defendant then and there failed, neglected, and refused, and has ever since neglected and refused. And the plaintiff avers that although it did not present its aforesaid claim to the defendant for payment until the 16th day of December, 1895, that the defendant nevertheless was and has been fully advised and informed of and concerning the aforesaid breaches of said bond by said Collins, and the loss thereby occasioned to the plaintiff, ever since the month of May, 1892."

It will be observed that, while there is a specific allegation that notice of the loss was given and demand for payment made on December 16, 1895, there is no such allegation as to proof of loss. Plaintiff, however, insists that the performance of the last-named condition, as to furnishing proof of loss, including the lapse of three months thereafter before commencement of action, is sufficiently pleaded by the general allegation "that the plaintiff duly kept and performed all the conditions of said bond on its part," etc.; citing section 457, Code Civ. Proc. Cal., which is as follows:

"Sec. 457. In pleading the performance of conditions precedent in a contract, it is not necessary to state the facts showing such performance, but it may be stated generally that the party duly performed all the conditions on his part, and if such allegation be controverted, the party pleading must establish on the trial the facts showing such performance."

The precise question here involved has been before the supreme court of California in at least two cases, and in both decided adversely to plaintiff's contention. Doyle v. Insurance Co., 44 Cal. 264; Cowan v. Insurance Co., 78 Cal. 181, 20 Pac. 408. The pertinent clauses of the syllabus in the former case are as follows:

"Complaint on Policy of Insurance. In an action on an insurance policy, by the terms of which the loss is to be estimated and paid sixty days after due notice and proof of the same made by the assured, an allegation in the complaint that the plaintiff performed all the conditions on his part, in the policy, to be performed, and gave the defendant due notice and proof of the fire and loss, and demanded payment, does not show that sixty days had elapsed after proof and notice before bringing suit, and the complaint does not state a cause of action.

"Policy of Insurance. When a policy of insurance provides that the loss shall be estimated when it accrues, and be paid sixty days after due notice and proof of the same made by the assured, the company is not bound to pay until 'sixty days after such notice and proof."

From the opinion of the court I quote, as being directly in point and conclusive here, the following:

"By the terms of the policy it is provided as follows: 'The amount of loss or damage to be estimated according to the actual cash value of property at the time of the loss, and to be paid sixty days after due notice and proof of the same, made by the assured,' etc. It is objected that it does not appear from the allegations of the complaint that when the action was commenced this period of sixty days had elapsed. In answer to this point the respondent relies upon the following averments in the complaint: 'That the plaintiff duly performed all the conditions on her part, in the said policy of insurance, to be performed; that she gave to defendant due notice and proof of the fire and loss aforesaid, and demanded payment of the said sum of six hundred dollars; that no part of the same has been paid; and that the whole of said sum is now due, for which she demands judgment.' etc. The allegation that the sum 'is now due' may be laid out of the case, inasmuch as that is a conclusion of law, merely. Nor does the averment that the plaintiff duly performed all the conditions on her part, in the said policy of insurance, to be performed, and that she had given due notice and proof of the loss, aid the complaint in this respect. Under the terms of the policy, the doing of these things would not give her an immediate right of action against the defendant for the payment of the sum demanded, for the defendant was not bound to pay until the lapse of sixty days thereafter. In a complaint filed on the very next day after the notice and proof had been given, it might have been alleged with truth that all these things had been done; and yet it will not be pretended that she would at that time have had a cause of action against the defendant, or that the latter was then in default because payment had not been made. The delay of the sixty days after notice, to which, under the terms of the policy, the defendant is entitled, is a substantial right secured by the stipulation of the contract, not merely to enable it to prepare to pay, but also to investigate the circumstances under which the loss occurred, with a view of determining whether or not the loss had been of such a character as involved an obligation upon its part to pay at all."

In a later case, wherein the whole of the foregoing extract is quoted approvingly, and wherein there was a general allegation that plaintiff did certain things required of her, "and otherwise performed all the conditions of said policy on her part to be performed," the second paragraph of the syllabus is as follows:

"It is essential, in an action on a fire insurance policy which provides for payment within sixty days after proof and ascertainment of loss, to show in the complaint that such period of sixty days had expired before suit. An allegation that the plaintiff had duly performed all conditions on his part will not aid the complaint, as respects the lapse of the requisite period."

In the body of the opinion, the question before the court is stated and disposed of thus:

"The second objection to the complaint is that it does not appear that the proof of loss was furnished to the defendant sixty days before the commencement of this action. This question was presented to this court in Doyle v.

Insurance Co., 44 Cal. 264, and it was there held that a complaint with a similar allegation was fatally defective. * * * We are of opinion that the objection to the complaint just above discussed is well taken, and that the demurrer to it should have been sustained."

See, also, McCormack v. Insurance Co., 78 Cal. 468, 21 Pac. 14.

The facts, as alleged in the complaint (which on demurrer are assumed to be true), that the defendant had been ever since 1892 fully advised and informed of the breaches of said bond, and the resulting loss to plaintiff, did not, whatever may have been their effect otherwise, dispense with the furnishing of proof of loss, as a condition precedent to plaintiff's right of action. The bond plainly provides that any loss sustained by the employer shall be payable within three months next after notice, "accompanied by satisfactory proof of such loss." In order to state a cause of action upon said bond, the complaint must unquestionably alle,e, among other things, that the requisite proof of loss was furnished the defendant at least three months before the commencement of the action. As I have already shown, no such allegation has been made, either specifically or in general terms.

There is another objection to the complaint, which manifestly is well taken. The obligation of the defendant, as expressed in the bond, was to make good "all and any pecuniary loss sustained by the employer, * * * and occurring during the continuance of this bond, and discovered during said continuance, or within six months thereafter, and within six months from the death or dismissal or retirement of the employé from the service of the employer." The allegation, hereinbefore quoted, that "the defendant nevertheless was and has been fully advised and informed of and concerning the aforesaid breaches of said bond by said Collins, and the loss thereby occasioned to the plaintiff, ever since the month of May, 1892," is probably tantamount to alleging that the loss was discovered in May, 1892, which was during the continuance of the bond, but certainly does not show— nor is there any other allegation in the complaint which does show— that the discovery was within six months from the death or dismissal or retirement of the employé. In the two particulars just indicated, I hold that the complaint is defective, without, however, passing upon any of the other objections thereto. Demurrer sustained, with leave to plaintiff to amend in 10 days if it shall be so advised.