[Civ. No. 874.   Second Appellate District.—May 3, 1911.]

# I. ISAAC IRWIN, Respondent, v. INSURANCE COMPANY OF NORTH AMERICA, a Corporation, Appellant.

FIRE INSURANCE—ACTION ON POLICY—PLEADING—AVERMENT OF NON-PAYMENT—NEGLECT AND REFUSAL TO PAY—CASE FOLLOWED.—In an action upon a policy of fire insurance, an allegation in the complaint of neglect and refusal of the defendant to pay the policy is a sufficient averment of nonpayment to support a judgment for plaintiff. The case of *Gardner* v. *Donnelly*, 86 Cal. 362, 373, is followed, to the exclusion of *Scroufe* v. *Clay*, 71 Cal. 123, disapproved of therein.

ID.—PROOF MADE BY PLAINTIFF.—The record shows that, upon the trial, plaintiff proved ownership of the building insured, an insurable interest therein, the destruction of the building by fire, and the proofs of loss, as alleged in the complaint.

ID.—ISSUE AS TO TIME OF PAYMENT OF LOSS—BURDEN OF PROOF.—Where the complaint averred that the loss became payable on the eighteenth day of November, 1908, which was traversed by the denial made in defendant's answer, the burden devolved upon the plaintiff to prove by the policy the time of payment stipulated therein.

ID.—POLICY SHOWING PREMATURE ACTION NOT MAINTAINABLE.—Where the record shows that the complaint was filed December 22, 1908, and that the eighteenth day of November, 1908, was the date of the proofs of loss, and the policy introduced by plaintiff showed that it was payable by its terms sixty days after the proofs of loss; it is thereby established that the action was premature, and not maintainable.

ID.—TIME FOR PAYMENT NOT WAIVED BY DENIAL OF ANY LIABILITY.—The time for payment fixed by the terms of the policy was not waived by defendant's denial of any liability thereon. The defendant had the right, at all events, to retain the money payable under the terms of the policy until the time fixed thereby for payment should fully elapse.

ID.—ABSENCE OF BREACH OF CONTRACT.—No breach of the contract evidenced by the policy existed at the time of suit brought. No denial of liability before maturity of the cause of action can be said to mature any obligation before the date fixed by the contract for its payment.

ID.—DEFENDANT ENTITLED TO NONSUIT.—When plaintiff introduced the policy at the trial, the defendant was entitled to a nonsuit at the conclusion of plaintiff's testimony, and the court erred in refusing a motion therefor.

APPEAL from a judgment of the Superior Court of San Diego County. W. R. Guy, Judge.

The facts are stated in the opinion of the court.

Patterson Sprigg, for Appellant.

Eugene Daney, and M. H. Fleming, for Respondent.

ALLEN, P. J.—The action was upon a policy of insurance. The complaint averred ownership and an insurable interest in certain property in San Diego county on the twentieth day of July, 1908; that on said date the defendant executed a contract and policy of insurance in writing upon said property, and by the terms of which contract and policy the defendant insured plaintiff against all loss or damage by fire from the twentieth day of July, 1908, to the twentieth day of July, 1909, to an amount not exceeding $1,200; that on the twenty-second day of September, 1908, the property was destroyed by fire and damaged to the extent of $1,305; that on or about the eighteenth day of November, 1908, the plaintiff duly complied with all the terms, conditions and requirements of said contract and insurance policy to be kept and performed by him, and the amount of said policy, to wit, the sum of $1,200, became due and payable to the plaintiff from the defendant on the said eighteenth day of November, 1908. Neglect and refusal to pay the same is averred. The answer denied the ownership or insurable interest; admitted the issuance of the policy of insurance upon the express agreement and stipulation set forth in said agreement and contract, and not otherwise; admitted the destruction by fire; denied the loss as to the amount thereof; denied that the defendant was notified of the fire, or that on the eighteenth day of November, 1908, plaintiff duly complied with all the terms, conditions and requirements, or any of the said terms, conditions and requirements, of said contract of insurance to be kept and performed by plaintiff; and denied that the sum of $1,200, or any other sum or amount, became due and payable on said eighteenth day of November, 1908, or at any other time or at all, or that said sum became due and payable by reason of said fire, or for any cause, or upon said contract, or upon

any contract, or at all. The action was tried by the court, a jury being waived, after a motion for nonsuit was denied. Findings of fact and conclusions of law were waived and judgment was entered by the court in favor of plaintiff in the amount sued for. From this judgment defendant appealed upon a bill of exceptions.

Upon a former hearing of this appeal this court determined that the complaint was insufficient basing such opinion upon the authority of *Scroufe* v. *Clay,* 71 Cal. 123, [11 Pac. 882], but overlooking certain subsequent decisions overruling such case, notably that of *Gardner* v. *Donnelly,* 86 Cal. 367, [24 Pac. 1072]. A rehearing was therefore granted. We take it that under these later decisions an allegation of neglect and refusal to pay is a sufficient allegation of nonpayment. It appears from the bill of exceptions that upon the trial plaintiff established ownership and an insurable interest, the destruction of the property by fire, and the loss and proof thereof, as in the complaint averred. He, however, introduced in evidence the policy of insurance, by the terms of which it was provided that the loss was not payable until sixty days after proof of loss. The material allegations of the complaint at issue were fully established without the introduction of the policy of insurance, unless it be said that the averment that the policy became payable on the 18th of November, 1908, was traversed by defendant's denial. We are of opinion that such denial raised an issue as to the time when the loss was payable under the terms of the policy, and that it devolved upon plaintiff to establish by the policy the stipulated time of payment. Undertaking this duty through the introduction of the policy, he established beyond controversy that such loss was not payable until the lapse of sixty days after the 18th of November, 1908. This obviated any proof upon the part of defendant in that regard. Ordinarily, the words "due," "owing," and "payable" are said to be conclusions of law, a denial of which would raise no issue, but considering this complaint, which averred a contract of indemnity and which, in the absence of specific time of payment, would become payable upon the happening of the event, plaintiff averred that it did not become payable until the 18th of November, 1908, which must be construed as an allegation that such time of maturity was evidenced by the policy; and

16 Cal. App.—10

the statement that it became payable upon a certain date is open to the construction that by the terms of the policy the defendant obligated itself on that date to pay the loss. Defendant's allegation that its promise to pay was contained in the policy and not otherwise, and its denial that the same became payable on the 18th of November, must be taken as a denial that by the terms of the policy it became payable upon that date; and hence the issue was raised as to the time when under the policy the loss became payable. Respondent contends that the condition of the policy as to the time of payment was waived by reason of the action of defendant in refusing payment on the ground that plaintiff was not the owner of the premises and possessed no insurable interest therein, the contrary of which was clearly established by the evidence, and for the further reason that by its answer it denied liability generally. We cannot construe such denial of liability, either before or after suit, as a waiver of the definite time fixed by contract for the payment of the loss. No breach of contract existed at the time the suit was brought; there was no sum due or payable to plaintiff. The terms of the contract gave to defendant sixty days, during which time it had a right to retain and use the money necessary to liquidate the loss. Within this time the defendant could make independent investigations in order to determine its liability. The loss was not payable until the time specified. A different rule might apply had the policy provided only that no action should be maintained for a period of sixty days, but we are not advised that a denial of liability before maturity can be said to have the effect to mature an obligation before the date fixed in the contract for its payment. (*Tatum* v. *Ackerman,* 148 Cal. 360, [113 Am. St. Rep. 276, 83 Pac. 151, 3 L. R. A., N. S., 908].)

In our opinion, the court erred in denying the motion for a nonsuit made at the conclusion of plaintiff's testimony. The judgment is therefore reversed and cause remanded for further proceedings.

James, J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 30, 1911.