[Civ. No. 1404. First Appellate District.—June 4, 1914.]

ALEX. BORGER, Respondent, v. THE CONNECTICUT FIRE INSURANCE COMPANY (a Corporation), Appellant.

FIRE INSURANCE—ACTION ON POLICY—PLEADING—FAILURE OF COMPLAINT TO SHOW THAT CAUSE OF ACTION HAS RIPENED.—If a complaint in an action on a fire insurance policy makes the policy a part of the complaint as an exhibit and by reference, but does not allege that the things which the policy requires to be done after the presentation of the proofs of loss, nor aver any facts with respect to the passage of the time which the policy declares must elapse before the loss becomes payable, it fails to state a cause of action, and is subject to general demurrer.

ID.—AVERMENT THAT AMOUNT IS LONG SINCE DUE—CONCLUSION OF LAW.—Such essential matters of averment are not supplied by an allegation that the sum claimed "is long since due," for that is a mere conclusion of law.

ID.—ACCRUAL OF CAUSE OF ACTION—INTERPRETATION OF POLICY.—Where a policy of fire insurance provides that the insurer must, within twenty days after receiving proofs of loss, notify the insured in writing of any disagreement with the amount of loss claimed, and in case of failure to do so the insurer shall be deemed to consent to the amount claimed, and that the loss shall be payable within thirty days after the ascertainment thereof by agreement or appraisement, but if such ascertainment is not had within sixty days after receipt of preliminary proofs of loss, the loss shall be payable within ninety days after such receipt, an action on the policy commenced on June fifteenth is premature, where proofs of loss were furnished on May twelfth and no objection was raised by the insurer within the twenty days.

APPEAL from a judgment of the Superior Court of Fresno County and from an order refusing a new trial. H. Z. Austin, Judge.

The facts are stated in the opinion of the court.

Coogan & O'Connor, and Drew & Drew, for Appellant.

W. P. Thompson, for Respondent.

RICHARDS, J.—This is an action brought to recover the sum of one thousand dollars with interest, alleged to be due

upon a fire insurance policy as the result of the destruction
by fire of the premises insured. A copy of the policy was
attached to and expressly made a part of the complaint.
There was a general demurrer, which was overruled. There-
upon an answer was filed, admitting the issuance of the policy
but denying liability thereon upon numerous alleged grounds,
and also denying that the loss, if any, was due or payable or
unpaid, according to the terms of the policy, at the time of
the commencement of the action. Upon the trial of the cause
judgment was rendered and entered in favor of the plaintiff
for the sum of $801.98 with interest and costs. A motion for
a new trial was denied, and from such judgment and order
denying a new trial the defendant appeals.

The first point made by the appellant is that the general
demurrer should have been sustained. We think the point is
well taken. It is a cardinal rule of pleading that a complaint
must show upon its face an existing and ripened cause of ac-
tion. The complaint in this case, after setting forth the facts
regarding the issuance of the policy covering the property,
and its transfer by several assignments from the original
parties insured to the plaintiff with the assent of the insurer,
and after averring the occurrence of the fire and the destruc-
tion of the property at some unspecified time during the year
1912, proceeds to allege "that on the ........ day of May,
1912, plaintiff furnished the defendant with proof of his said
loss and interest, and otherwise performed all the conditions
of said policy on his part; that said defendant has not paid
said loss or any part thereof, and that the same is long since
due, owing and unpaid according to the terms of said policy
of insurance." Then follows the prayer.

The difficulty with the plaintiff's pleading arises out of the
fact that while he has made the policy in question a part of
his complaint as an exhibit and by reference, he has not al-
leged the things which the policy requires to have been done
subsequent to the presentation of his proof of loss, nor has
he averred any facts with respect to the passage of the time
which the policy requires must have elapsed before the loss
became payable and his cause of action arose. The policy
provides that after the insured has furnished the insurer with
the proofs of his loss, the insurer must within twenty days
after the receipt thereof notify the insured in writing of its

partial or total disagreement with the amount of loss claimed by him; and in case the insurer fails to give such notice within the specified time it shall be deemed to have assented to the amount of the loss claimed by the insured; but that if such notice shall have been given then within ten days thereafter the parties may agree upon the amount of the loss, and in the event they do not agree an appraisement shall be made, upon the demand of the insurer, as to the loss or part of the loss about which the parties disagree. The policy also contains the following provision: "Loss when payable: A loss hereunder shall be payable within thirty days after the amount thereof has been ascertained either by agreement or by appraisement; but if such ascertainment is not had or made within sixty days after the receipt by the company of the preliminary proof of loss then the loss shall be payable in ninety days after such receipt." The foregoing conditions and provisions of the insurance policy upon which the plaintiff seeks to recover, having been expressly made a part of his complaint, it was incumbent upon the pleader to show upon the face of his complaint that the loss had ripened into a chose in action at the time the suit was begun. (*Gillon* v. *Northern Ins. Co.*, 127 Cal. 480, 483, [59 Pac. 901]; *McCormack* v. *North British Ins. Co.*, 78 Cal. 468, [21 Pac. 14], *Cowan* v. *Phenix Ins. Co.*, 78 Cal. 181, [20 Pac. 408]; *Doyle* v. *Phoenix Ins. Co.*, 44 Cal. 264; *California Sav. Bank* v. *American Surety Co.*, 82 Fed. 866.) The complaint avers that on the ........ day of May, 1912, plaintiff furnished defendant with the proofs of his loss. The transcript shows that the action was begun on the fifteenth day of June, 1912. For the purpose of testing the correctness of the ruling of the trial court upon the demurrer no presumption can be indulged in to fill the blank in the complaint as to the exact date of presentation of the proof of loss with a date earlier than 30 days before the date on which the suit was begun; nor can the pleader appeal to any presumption by which to supply the answer to the logical inquiry as to when, how, and whether the amount of the loss for which he sues was ever ascertained by any of the modes provided by the foregoing requirement of the policy; or whether, if so ascertained, the date of such ascertainment was at least thirty days before the date upon which the action was begun.

We are of the opinion that these were essential matters of averment in the plaintiff's complaint, and that they are not supplied by the allegation that the sum claimed "is long since due," for that is a mere conclusion of law. It follows that the general demurrer to the complaint herein should have been sustained, and that the order overruling it was error. (*Irwin* v. *Insurance Co. of North America,* 16 Cal. App. 143, [116 Pac. 294].)

It is further contended by the appellant that the undisputed evidence in this case shows that the action was prematurely brought. In answer to this contention the respondent insists that the appellant cannot be heard to urge this point for the first time in this court. This might be a good objection if it were borne out by the record in the case; but, as we have already seen, this point was first presented by the general demurrer; which being overruled, the defendant again presented it in the denials of his answer, and also in the notice of motion for a new trial, and in the specifications of error embraced in the bill of exceptions. How insistently the point may have been urged or how fully argued in the trial court we are not advised by the record; but we think there is enough in the record to warrant the appellant in insisting upon it here.

The question thus presented is this: The evidence showed that the insured presented to the insurer his proofs of loss on the twelfth day of May, 1912; that no objection to the amount of loss therein claimed was made by the insurer within the twenty days allowed to it by the terms of the policy, and that therefore, by its terms, the insurer must be held to have "assented to the amount of the loss" claimed by the insured in his proofs of loss. The action was commenced on June 15, 1912. The policy provides that the loss shall be payable in thirty days after the amount thereof has been ascertained either by agreement or appraisement. The problem here presented is as to which date the assent of the insurer to the amount of loss claimed by the insured is referable: whether to the date of presentation of proofs of loss, or to a date twenty days thereafter, during which intervening time the insurer might have made its objection to the amount of loss claimed by the insured; if to the former date, then the loss was payable on and after the twelfth day of June, 1912; but if to the latter it was not payable until July 1, 1912; in which

case the action would have been prematurely brought. The court has not been furnished by either side with any authority bearing upon the construction to be given to the foregoing terms of this policy, and it assumes therefore that no such authority exists, and that it must rely solely upon reason to determine as to the date when the time within which this policy should be payable began to run.

The purpose of the policy in allowing the insurer twenty days after the presentation of the proofs of loss within which to signify its assent or objection to the amount claimed by the insured, was doubtless that of allowing that time within which the insurer might make an investigation as to the propriety of assenting or objecting to the amount of the asserted claim of the insured; and this being so, the insurer had the whole of the twenty days within which to manifest its assent or objection thereto; and if, as the result of such investigation and at the end of its allotted time the insurer had expressly assented to the plaintiff's asserted amount of loss, it could not be seriously disputed that, according to the terms of the policy, it would have had thirty days thereafter within which to pay the claim. Must not the same conclusion result from its implied assent? We think this logical deduction is irresistible, and hence that in the case before us the time within which the loss was to become payable began to run twenty days after the proven date of the presentation of the plaintiff's proof of loss. It follows necessarily that the present action was prematurely brought.

There are certain other points presented upon this appeal, but the two questions already disposed of, standing as they do upon the threshhold of the case, render unnecessary any further discussion of alleged errors committed in the course of the trial.

The judgment and order denying a new trial are reversed.

Lennon, P. J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 3, 1914.