[Civ. No. 1753. First Appellate District.—January 28, 1916.]

## S. LAGUDIS, Respondent, v. LONDON ASSURANCE CORPORATION, Appellant.

ACTION ON INSURANCE POLICY—PREMATURE ACTION.—It is held in this action upon a policy of insurance that the judgment and order appealed from should be reversed upon the authority of *Borger* v. *Connecticut Fire Ins. Co.,* 24 Cal. App. 696, and *Irwin* v. *Insurance Co. of North America,* 16 Cal. App. 143.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. H. Z. Austin, Judge presiding.

This is an action to recover on a policy of fire insurance. The policy provided that any loss thereunder should be pay-

able in thirty days after the amount thereof had been ascertained either by agreement or by appraisement; but if such appraisement was not had or made within sixty days after receipt by the company of the preliminary proof of loss, then the loss should be payable in ninety days after such receipt. The fire occurred on July 23, 1913. No ascertainment of loss by agreement or by appraisement was alleged in the complaint and the proof of loss was received by the company on August 4, 1913. The complaint was filed August 28, 1913, and it was contended that the action was prematurely brought, because the policy did not become payable until ninety days after proof of loss to it until November 2, 1913.

H. A. Thornton, and Chickering & Gregory, for Appellant.

N. Lindsay South, for Respondent.

THE COURT.—This is an appeal from the judgment and order denying the defendant's motion for a new trial.

The facts in this case are in all essential particulars similar to the facts in the case of *Borger* v. *Connecticut Fire Ins. Co.,* 24 Cal. App. 696, [142 Pac. 115], and the condition of the policy of insurance sued upon, as to the time when the loss shall become payable, is identical with the terms of the policy in that case. This action was also brought prior to the time when the loss would become payable had expired, and the contention that this action was prematurely brought stands upon the threshold of this case upon appeal as in the Borger Case, and in the case of *Irwin* v. *Insurance Co. of North America,* 16 Cal. App. 143, [116 Pac. 294], to which our attention has been directed. We cannot distinguish between the facts of those prior cases and those of the case at bar, or the law applicable thereto as in said former cases laid down; and this being so, a discussion of the other questions presented upon this appeal is unnecessary at this time.

Upon the authority of *Borger* v. *Connecticut Fire Ins. Co.,* 24 Cal. App. 696, [142 Pac. 115], and *Irwin* v. *Insurance Co. of North America,* 16 Cal. App. 143, [116 Pac. 294], the judgment and order are reversed.