[Civ. No. 1961.   Second Appellate District.—December 5, 1917.]

NORTHERN INSURANCE COMPANY OF NEW YORK (a Corporation), Respondent, v. NATIONAL UNION FIRE INSURANCE COMPANY (a Corporation), Appellant.

FIRE INSURANCE LAW—PLEADING—WRITTEN DISCLAIMER OF LIABILITY— PRESUMPTION AS TO WRITING.—In an action on a fire insurance policy, where the complaint alleged that the policy was the California standard form fire insurance policy, an allegation that the defendant disclaimed liability thereunder will be taken as an allegation that the disclaimer was in writing as required by the terms of the policy, under the rule that pleadings are to be construed most strongly against the pleader, and the rule that where a thing is alleged to have been done, it will be presumed to have been done in writing if the law requires it.

35 Cal. App.—31

Id.—Premature Commencement of Action.—A complaint in an action on a California standard form fire insurance policy shows that the action was prematurely commenced where it is alleged that the defendant disclaimed any liability under the policy, and the action is shown to have been commenced before the expiration of ninety days from the alleged date of presentation of proofs of loss.

Id.—California Standard Fire Insurance Policy—Evidence—Judicial Notice.—In view of the fact that the form of the California standard fire insurance policy is prescribed by statute (Stats. 1909, p. 404), the courts will take judicial notice of its terms, and it is therefore not necessary to specially plead it.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles Wellborn, Judge.

The facts are stated in the opinion of the court.

John R. Layng, for Appellant.

Tyrrell, Abrahams & Brown, A. L. Abrahams, and Chas. W. Fricke, for Respondent.

WORKS, J., *pro tem.*—This is an action to recover upon an insurance policy for a loss by fire suffered by plaintiff's assignor. Judgment was rendered in favor of plaintiff and it is from that judgment that the defendant appeals.

The amended complaint alleges that the policy was the California standard form fire insurance policy, that the fire occurred on July 26, 1914, and that proofs of loss were presented to the appellant on August 8th. It is then alleged, "That the defendant did disclaim any liability whatsoever under its said policy for and on account of the loss incurred" by respondent's assignor. It is also alleged that respondent's assignor demanded payment from appellant of the amount stated to be due from it and that appellant failed and refused to pay. The action was commenced September 23, 1914.

The appellant objects that the amended complaint does not state facts sufficient to constitute a cause of action, for the reason that the litigation was prematurely commenced. The California standard form fire insurance policy provides (Stats. 1909, p. 408; Deering's Gen. Laws, Act 1670, p. 630): "This company shall be deemed to have assented to the amount of the loss claimed by the insured . . . unless within twenty days after the receipt thereof, . . . the company shall notify the

insured in writing of its partial or total disagreement with the amount of loss claimed by him. . . ." Then follow certain provisions for the appointment of appraisers to estimate and appraise the loss, under certain conditions, and also for the manner in which they shall perform their work and for their compensation. The form then proceeds: "If for any reason not attributable to the insured, or to the appraiser appointed by him, an appraisement is not had and completed within ninety days after said preliminary proof of loss is received by this company, the insured is not to be prejudiced by the failure to make an appraisement, and may prove the amount of his loss in an action brought without such appraisement."

The allegation of the amended complaint to the effect that appellant disclaimed liability under the policy will be taken as an allegation that the disclaimer was in writing, as the terms of the policy above quoted require that it should have been in that form. Such a construction is required under the rule that pleadings are to be construed most strongly against the pleader, as well as under the rule that where a thing is alleged to have been done, it will be presumed to have been done in writing if the law requires it so to have been done. (*Alaska Salmon Co.* v. *Standard Box Co.*, 158 Cal. 567, [112 Pac. 454].) The principle last stated operates in favor of a pleader. It naturally operates with added force, under the principle first stated, against a pleader. It would seem, therefore, without the citation of authority, that the clause of the policy which in effect postpones the time for commencing suit to ninety days appears from the face of the amended complaint to have been put into operation, and that suit on the policy could not have been commenced, properly, until after November 6, 1914. However, questions kindred to the one here presented have already been before the courts. In *Borger* v. *Connecticut Fire Ins. Co.*, 24 Cal. App. 696, [142 Pac. 115], a copy of the policy sued on was made part of the complaint, and the court said, after quoting from the instrument provisions similar to those above mentioned: "The foregoing conditions and provisions of the insurance policy upon which the plaintiff seeks to recover, having been expressly made a part of his complaint, it was incumbent upon the pleader to show upon the face of his complaint that the loss had ripened into a chose in action at the time the suit was begun." It is true that in this case the

policy is not set forth as a part of the pleading; but that can make no difference. As we have already stated, the amended complaint alleges that "said policy of insurance was what is known and denominated 'California Standard Form Fire Insurance Policy.'" As that form is prescribed by the legislature in a general statute (Stats. 1909, p. 404; Deering's Gen. Laws, Act 1670), the courts take judicial notice of its terms. (Code Civ. Proc., sec. 1875, subds. 2 and 3.) The form of policy was a part of the amended complaint without being specifically pleaded for two reasons. The first of these is that it is not necessary to plead public statutes. The second is that matters of which courts take judicial notice need not be pleaded. (*French* v. *Senate of California,* 146 Cal. 604, [2 Ann. Cas. 756, 69 L. R. A. 556, 80 Pac. 1031].)

The case of *Borger* v. *Connecticut Fire Ins. Co., supra,* was before the district court of appeal, first district, a second time. On that occasion it appeared that, on a retrial, the trial court had permitted an amendment of the complaint, which amendment set forth that the defendant, upon the filing with it by the plaintiff of his proofs of loss, had denied liability upon its policy for such loss. It will be observed that the amendment made the pleading like the amended complaint in the present action. The court again held the plaintiff's pleading insufficient. (*Borger* v. *Connecticut Fire Ins. Co.,* 29 Cal. App. 476, [156 Pac. 70].)

The judgment is reversed, with directions to the trial court to sustain the demurrer.

Conrey, P. J., and James, J., concurred.