[Civ. No. 3283.    Second Appellate District, Division One.—May 27, 1920.]

MRS. ROSE D. MITCHELL, Respondent, v. MERCHANTS FIRE ASSURANCE CORPORATION OF NEW YORK (a Corporation), Appellant.

[1] FIRE INSURANCE — PRELIMINARY PROOF OF LOSS — ACCEPTANCE OR OBJECTION TO BY COMPANY — WHEN LOSS PAYABLE — PREMATURE ACTION.—Where a fire insurance policy provides in effect that the company shall be deemed to have assented to the amount of loss claimed by the insured in his preliminary proof of loss, unless within twenty days after the receipt thereof it shall notify him in writing of its partial or total disagreement with the amount of loss claimed by him, and that all loss shall be payable thirty days after the amount thereof has been ascertained, the company is entitled to a period of twenty days within which to accept or object to the amount of loss claimed by the insured in his preliminary proof of loss and, in the absence of any objection made, the loss becomes payable thirty days after the expiration of such twenty days, and an action brought before the expiration of that period is instituted prematurely.

APPEAL from a judgment of the Superior Court of Los Angeles County.    Chas. Monroe, Judge.    Reversed.

The facts are stated in the opinion of the court.

W. W. Hindman for Appellant.

Duke Stone for Respondent.

CONREY, P. J.—Action to recover for loss incurred by fire and covered by a fire insurance policy issued to the plaintiff by the defendant. Judgment in favor of the plaintiff, from which the defendant appeals.

[1] It was provided in the policy that "this company shall be deemed to have assented to the amount of loss claimed by the insured in his preliminary proof of loss, unless within twenty days after the receipt thereof, . . . the company shall notify the insured in writing of its partial or total disagreement with the amount of loss claimed by him . . . " Further provision was made for appraisal in case of disagreement of the parties as to the amount of loss. It was further provided: "Loss when payable. A loss hereunder shall be payable in thirty days after the amount thereof has been ascertained either by agreement or by appraisement; but if such ascertainment is not had or made within sixty days after the receipt by the company of the preliminary proof of loss, then the loss shall be payable in ninety days after such receipt." The complaint alleged that on or about March 19, 1919, the plaintiff furnished the defendant with her proof of loss, and that the defendant refuses to pay the same and has not paid the same or any part thereof. The complaint is silent as to any notice of disagreement as to the amount of loss, or any appraisal or attempt to obtain an appraisal.

The defendant demurred to the complaint on the ground that the complaint did not state a cause of action, and that demurrer was overruled. Thereafter the defendant filed its answer in which it was denied "that any sum or sums of money were due, owing or unpaid by the defendant to the plaintiff at the time of the commencement of this action, or at any other time or at all." The court found that "on March 19, 1919, and within the time and terms provided by said policy, plaintiff furnished the defendant with her proof of loss; but that defendant has at all times refused to pay the plaintiff any sum whatever under said policy; and that in truth and in fact by reason of said loss that the defendant became liable to pay the plaintiff the said sum of three

hundred fifty ($350) dollars, being the reasonable value of the furniture and personal effects so destroyed."

On the record thus produced, consisting of the judgment-roll alone, it appears that the action was instituted prematurely. The complaint was filed on May 5, 1919, which was only forty-eight days after the preliminary proof had been furnished by the plaintiff to the defendant. The defendant was entitled to a period of twenty days within which to accept or object to the amount of the loss as claimed by the plaintiff. In the absence of any objection made, the company was "deemed to have assented to the amount of loss claimed by the insured in his preliminary proof of loss"; in other words, the amount was thus ascertained by agreement. Under those circumstances, the loss became payable in thirty days from the expiration of the twenty days. No right of action could accrue until the expiration of that period of thirty days. In *Borger* v. *Commercial Fire Ins. Co.,* 24 Cal. App. 696, [142 Pac. 115], the action appears to have been based upon the same form of policy as that before the court in the case at bar; the complaint was subject to similar defects, and it was held that the action having been commenced within less than thirty days after the expiration of twenty days from the presentation of the proofs of loss, the action was prematurely brought. On that ground the judgment was reversed. On the authority of that decision, and without discussing the other ground of appeal relied upon by appellant, the judgment is reversed.

Shaw, J., and James, J., concurred.