## KELLY et al. v. ÆTNA CASUALTY & SURETY CO.

### No. 5862.

Circuit Court of Appeals, Sixth Circuit.
April 14, 1932.

William Lewis, of London, Ky. (Henry C. Clay, of Lexington, Ky., on the brief), for appellants.

C. W. Milner, of Louisville, Ky. (Louis Seelbach, Jr., of Louisville, Ky., on the brief), for appellee.

Before MOORMAN and HICKENLOOPER, Circuit Judges, and TUTTLE, District Judge.

MOORMAN, Circuit Judge.

Suit was brought by the appellants, stockholders of the Black Mountain Bank, to recover on a bond executed by the appellee to the bank to indemnify it against the dishonest acts or omissions of its cashier, J. L. Huff. The complaint, as amended, alleged that the bank was organized under the laws

of Kentucky as a state banking institution with an authorized and paid-up capital stock of $25,000; that it had no surplus at any of the times complained of; that on or about October 9, 1923, Huff, the cashier, without the knowledge or consent of the bank's finance committee or any of its directors, and in violation of the laws of the state of Kentucky, loaned to the Harlan Co-operative Coal Company $18,250; that the coal company was insolvent at the time, and that Huff took no collateral or other security to secure the payment of the loan; that the act of the cashier in making the loan was discovered by the state banking department at its next examination of the bank by one of its representatives, who demanded of the directors payment of the money and notified them that, unless it was paid within thirty days, the bank would be closed; that appellants were the only solvent directors, and, in order to protect their interests, paid to the bank within thirty days after the demand therefor was made the sum of $19,350 in satisfaction of the coal company's indebtedness. It was further alleged that the bank became insolvent shortly after the payment was made, that no part of the money had been repaid to appellants, and that the bank was without assets to repay any part thereof. The District Court sustained a demurrer to the petition, as amended, and this appeal followed.

The bond provides that: "Upon the discovery by the employer of any loss, the employer shall promptly deliver notice thereof to the surety, * * * and within three months after such discovery the employer shall file with the surety * * * a written statement of claim giving particulars of such loss." Some question is made as to whether the bond covers the act of a cashier in making an unauthorized or illegal loan, and also as to whether the plaintiffs are entitled to be subrogated to the rights of the bank in whose favor the bond ran. We pass these questions as unnecessary for decision. The illegal loans were made July 1 and October 9, 1923. Plaintiffs were notified of them as soon as the bank examiner learned that they had been made, about September 15, 1924, and within thirty days thereafter, October 15, 1924, paid the loans to the bank. The only allegation in the petition as to "discovery by the employer" of the loss is: "The plaintiffs state that immediately after they ascertained that said J. L. Huff had made said wrongful abstractions of said funds of the bank, and had fraudulently misappropriated said vast sum of money as aforesaid,

said bank notified in writing this defendant and which was within less than three months after the said discovery."

It appears from the petition that there were other directors besides appellants, that there was a finance committee consisting of W. C. Turner, one of the appellants, and Louis Manning, presumably a director, and that the by-laws of the bank did not permit the cashier to make loans in excess of $500 without the advice and consent of the finance committee. There is no allegation that the directors other than the appellants were unaware of the loans until notified by the banking commissioner, and no allegation that the bank itself through its president, E. L. Kearns, or directors, other than the appellants, did not discover them immediately after they were made. The bond provides that notice shall be given "upon discovery by the employer," not upon discovery by solvent stockholders or directors. The discovery by the president or other directors would be a discovery "by the employer," and, in the absence of any allegation as to when those officers discovered the loans, we cannot assume that it was not until they were given notice thereof by the banking commissioner. Lacking an allegation to the effect that, upon the discovery of the loss "by the employer," notice thereof was promptly given, the complaint failed to state a cause of action, since the giving of notice was a condition precedent to the right of recovery. See National City Bank v. National Surety Company (C. C. A.) 58 F.(2d) 7.

The judgment is affirmed.