**STORM et al. v. LUMBERMENS MUT. CASUALTY CO.**

No. 5309.

District Court, S. D. California, Central Division.

Sept. 13, 1946.

**On Motion to Dismiss Jan. 15, 1947.**

McFadden & Turner, and Preston Turner, both of Anaheim, Cal., for plaintiffs.

Lasher B. Gallagher, of Los Angeles, Cal., for defendant.

HALL, District Judge.

The matter is before the Court on the Defendant's Motion To Dismiss and for more definite statement.

As to all of the Plaintiffs, except Elsie Hansen, the Defendant moves to dismiss on the ground that the amount involved is less than the jurisdictional amount of $3,000.00 required by 28 U.S.C.A. § 41.

The Defendant relied upon Clark v. Paul Gray, Inc., 306 U.S. 583, 59 S.Ct. 744, 748, 83 L.Ed. 1001, which was a suit to enjoin the enforcement of the California Caravan Act, exacting a license fee upon certain automobile dealers in a sum less than $3,000.00

I do not think Clark v. Paul Gray, Inc., is applicable, because as the Court pointed out therein, the numerous Plaintiffs had "No joint or common interest or title in the subject matter of the suit." In the instant case, the Plaintiffs do have a common title in the Judgment of the Superior Court of the State of California as the basis for the claim in this action.

The rule applicable here is set forth in Shields v. Thomas, 1854, 17 How. 3, 15 L.Ed. 93, and cases relying upon that decision. In that case the Court points out that the matter in controversy was the total sum due by virtue of a previous judgment in the Kentucky Courts, although allotments to the respective parties plaintiff were less than the jurisdictional amount.

As stated in New Orleans Pacific Railway Co. v. Parker, 143 U.S. 42, at page 52, 12 S.Ct. 364, at page 367, 36 L.Ed. 66, "The true distinction is between cases in which there are several plaintiffs interested collectively under a common title, and those wherein the matters in dispute are separate and distinct, and are joined in one suit for convenience or economy."

While it is true that in the Ninth Circuit in the case of Hartford Fire Ins. Co. v. Bonner Mercantile Co., 1893, 56 F. 378, 383 (certiorari denied 154 U.S. 504, 14 S. Ct. 1146, 38 L.Ed. 1077), the Court pointed out that a distinction might arise if the action was to determine "The ultimate liability of the insurance company", and that the subject in controversy was only the validity of the arbitration award. I nevertheless feel that I am bound by the doctrines of the Supreme Court cases stemming from Shields v. Thomas. The Defendant's Motion to Dismiss which was made as to those Plaintiffs whose claims are set forth to be less than $3,000.00 is therefore overruled.

■ The Motion of the Defendant to Dismiss as to Elsie Hansen (which also applies as to the other Plaintiffs) on the ground that a cause of action is stated, must likewise be overruled by virtue of the specific provision in the Statutes of Michigan granting the statutory right to Judgment creditors to recover under the terms of the insurance policy issued for the benefit of third persons.

■ The Motion of the Defendants to make more definite and certain must be granted for the reason that it does not appear, nor can it be ascertained from the complaint, what the terms of the contract are upon which the Plaintiffs are relying.

The California case Northern Insurance Company of New York v. National Union Fire Insurance Company, 35 Cal.App. 481, 170 P. 434, relied on by Plaintiff as to this proposition is not in point for the reason that the complaint in that case alleged the insurance policy to be in "standard form" prescribed by the California Statutes which term is defined in the California Statutes, and the terms of the fire insurance policy are set forth. In the instant case, no such allegation appears. The Plaintiff merely alleges that the policy "was such as is general in form and common in use in the State of Michigan." No statutory reference is pleaded or referred to in the briefs from which the Court can ascertain by judicial notice the text of any such contract as is "general in form", and, "common in use" in Michigan. Nor does the complaint in any wise attempt to set forth a summary of the contract or its material parts or its legal effect.

Accordingly the Motion. To Dismiss is denied and the Motion to make more definite and certain is granted, the plaintiff being allowed 30 days to amend.

### On Motion to Dismiss.

■ The Order granting Defendant's Motion To Dismiss the original Complaint permitted the Plaintiff to amend. On the Motion To Dismiss that Amended Complaint the California case of Emery v. Pacific Employers' Insurance Company, 8 Cal.2d 663, 67 P.2d 1046, was for the first time called to my attention. It construes Sec. 378 of the California Code of Civil Procedure permitting a single action for multiple injuries arising from the same accident. It holds that judgments so recovered are several judgments. The title to property (a judgment is property) being a matter of local law, the determination by the California Supreme Court is final and is binding upon this Court. For that reason, I must reverse my previous holding as to all defendants whose claims are for less than $3,000.00 and hold that there is not a joint or common title in the State Court Judgment upon which this suit is founded, but that each claim is a several and separate judgment. The Motion to Dismiss for a lack of jurisdictional amount as to each

358

plaintiff, except plaintiff Elsie Hansen, is therefore granted.

■ As to the remaining plaintiff, Elsie Hansen, the defendant seeks to dismiss the amended complaint on the ground that defendant's maximum possible liability is $5,000.00 under the specific terms of the policy. Elsie Hansen's claim exceeds that amount by several thousand dollars. The contractual limitation in the policy is sufficient to prevent judgment for more than $5,000.00, but it is not sufficient to form the basis of a Motion To Dismiss.

The Motion To Dismiss as to her is also based on the assertion that no notice to the defendant is alleged to have been given in the manner or within the time required by the specific terms of the policy upon which suit is based. The defendant relies in this respect on Kelly v. Aetna Casualty & Surety Co., 6 Cir., 58 F.2d 10, among other cases.

The policy requires notice to the defendant Insurance Company "as soon as practicable". The only allegation of notice in the amended complaint is in paragraph IV wherein it is alleged, "that the defendant had notice of aforementioned action; and employed counsel to appear in and defend said action" in behalf of the insured. Neither the time of notice, the manner of its giving, nor the time of filing the action is pleaded. The accident is alleged to have occurred December 31st, 1940, and the judgment was rendered April 17th, 1942, at least fifteen months after the accident. Nothing is said about whether or not it was "practicable" to have given or failed to have given notice to the defendant in that interval of fifteen months. To relieve the plaintiff of the burden of alleging and proving either notice, or that it was not, "practicable", to give notice would be to put the burden of proof upon the defendant not only of showing that notice was not given, but that it was also not impracticable to give such notice.

■ It is recognized that the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, were intended to "simplify" pleading, but I do not think that they were intended to so completely change one of the fundamental concepts of our jurisprudence as to shift the burden of proof from the one who asserts the affirmative to the one asserting the negative. This is true in spite of the tendency of some of the Appellate Courts to approve pleadings which are so over-simplified that instead of simplifying the litigation, it leaves the defendants guessing as to what the plaintiff wants and why, and finally places greater burden in time upon the trial courts, when if the matter were well pleaded that work should and would be done, and the burden of it assumed by, counsel for the plaintiffs who come into court and seek relief, whether such a plaintiff is a Governmental Agency as in Bowles v. Glick Bros. Lumber Co., 9 Cir., 1945, 146 F.2d 566, or a private individual as in the instant case.

■ The question as to whether notice was given, its time and manner, and whether it was "practicable" or not to give it are questions of fact, the burden of establishing which must be assumed by the plaintiff in pleading as well as proof.

The Motion To Dismiss as to Elsie Hansen will be granted for the reasons indicated, with 30 days to amend.