[Civ. No. 5971. Second Appellate District, Division One.—September 26, 1930.]

CHARLES C. SCHOOLCRAFT, Appellant, v. B. O. KENDALL COMPANY (a Corporation), Respondent.

Morin, Newell & Brown and C. C. Hamill, Jr., for Appellant.

Brooks Gifford for Respondent.

HOUSER, J.—Through the agency of the defendant corporation, which was acting in the capacity of broker, de-

fendant lent a certain sum of money to one Massie, the repayment of which was secured by the assignment by Massie to plaintiff of a leasehold interest in a certain piece of real property, together with a "trust deed" of the improvements thereon. Because of nonpayment by Massie of the rent reserved in the lease, the owner of the real property caused the lease to be canceled. Thereupon an action was brought by plaintiff against defendant for damages which resulted to plaintiff because of the alleged negligence of the defendant in its failure to obey or follow certain specified oral instructions given by plaintiff to the defendant relative to the care which was to be exercised by the defendant in the matter of making the loan for plaintiff. Judgment was rendered in the action in favor of the defendant. No direct finding of fact was made by the trial court as to the alleged negligence of the defendant in failing to follow any . or either of the said special oral instructions given by plaintiff to the defendant, although certain findings of fact were made as to the other issues raised by the pleadings, especially as to the nonexistence of a so-called "custom" between the parties relating to special care to be exercised by the defendant in making loans for plaintiff. From such findings as actually were made by the trial court, among others, the "*conclusion of law*" was reached "that defendant did not fail to exercise reasonable care in the procuring of this loan".

On the trial of the action evidence was received from each of the parties relative to the special oral instructions which plaintiff claimed were given by him to the defendant. As to matters of fact pertaining to the right of the plaintiff to recover in the action, the question of whether such instructions were given by plaintiff to defendant, and whether they were substantially followed by the defendant, constituted the crux of the case. The "findings of fact" made by the trial court neither covered nor touched upon the issues presented by the pleadings in that regard. The fact that, predicated upon such findings as were made, the trial court arrived at the conclusion of law hereinbefore set forth, also "that the defendant did not fail to exercise reasonable care and that any loss that plaintiff may have incurred as a result of the transaction was not due to any negligence or careless-

ness on the part of the defendant'', cannot be considered as sufficient findings of fact on the issues in the case which were raised by the pleadings, relative to the required special care by the defendant in making the loan in question. ■ It is a rule of law that conclusions of law are binding to the extent only that they are supported by the findings of fact.

In the case of *Stark* v. *Shemada,* 187 Cal. 785, 789 [204 Pac. 214, 216], it was stated that: ''Where the special facts upon which a finding rests are declared by the court the ultimate finding of the court is but a conclusion of law with no better foundation than is given by the facts recited.''. (Citing authorities.)

■ Conceding as correct the legal proposition that where it satisfactorily appears that an omitted finding, if made, necessarily would have been adverse to the party who suggests prejudicial error in the judgment arising from such omission, nevertheless in the instant case, it is not apparent that had findings been made by the trial court, they would have been against the plaintiff on the particular special issues here under consideration.

■ It therefore is obvious that plaintiff was legally entitled to a specific finding of fact by the court as to whether any specific oral instructions were given by plaintiff to the defendant, and as well as to whether the defendant was negligent in failing to follow such special oral instructions.

■ However, other facts are urged by respondent as constituting a reason for an affirmance of the judgment, notwithstanding failure by the trial court to find upon those issues to which consideration has been given herein. From the findings of fact it is made to appear ''that the note was to run three years from August 11, 1925, and that so far nothing has been paid on the note; that defendant has not elected to declare the principal sum due and payable; . . . that no showing was made that the Massies were judgment proof; nor was the note ever reduced to judgment; nor has demand been made by defendant upon said Massies for payment of said note. . . . ''

Other than that ''so far nothing has been paid on the note'' no finding was made to the effect either that any interest ever became due on the obligation, or that as the interest therein fell due it was not paid by the borrower;

nor that the entire sum due on the note was, or when the note would become due, would be, uncollectible. In other words, plaintiff failed to show that he had suffered any damage by reason of the transaction; which stated fact appeared in the "conclusions of law" filed in the action by the trial court, as also therein occurred the statement "that any action on the note prior to August, 1928, is premature".

It is plain that unless plaintiff could at least show that he had suffered some injury, he should not be permitted to recover any damages. The loss, if any, sustained by him by reason of any negligence of the defendant, would appear only after he had recovered judgment against the borrower of the money and execution thereon had been returned unsatisfied. In accordance with the findings made by the trial court, any action commenced or to be commenced by the plaintiff against the borrower, could be maintained only after some breach or default in the obligation had occurred on the part of the borrower, and as no such condition was shown to have existed, it follows that the action herein was brought prematurely. (*Nevills* v. *Shortridge,* 146 Cal. 277 [79 Pac. 972].)

For the reasons suggested in regard to the absence of the necessary findings, the judgment should be reversed; but for the further reason that the action was prematurely brought, it follows that a proper disposition of the case would be a dismissal of the action.

The judgment is reversed and the cause remanded, with instructions to the trial court to dismiss the action without prejudice to the right of the plaintiff to bring another action, if so advised.

Conrey, P. J., and York, J., concurred.