[Civ. Nos. 22552, 22553. Second Dist., Div. Three. May 26, 1958.]

LEE COMBS, Plaintiff and Appellant, v. EULDENE F. HUGHES, Defendant and Appellant.

[Two Cases.]

Lee Combs, in pro. per., Harned Pettus Hoose, Combs & Hoose and Wallace B. Scales for Plaintiff and Appellant.

John D. Miller for Defendant and Appellant.

NOURSE, J. pro tem.*—The above-entitled actions were consolidated for trial only. A separate judgment was rendered in each action. The actions will hereafter be designated by the number that the appeal therein bears in this court.

The complaint in each action alleges substantially the same facts and in both actions the plaintiff seeks to recover upon a written contract for attorney's fees, the right to those fees being based upon a contingency.

The following undisputed facts are relevant to the questions involved on these appeals.

Defendant Euldene F. Hughes (hereinafter called Euldene) is the widow of one A. P. Hughes. In 1943 defendant commenced an action against her husband for divorce. She joined as defendants in this action, in addition to her husband, one Toney, alleged corespondent, and her husband's brother, J. L. Hughes. In her complaint she alleged that certain real property which will hereinafter be referred to as the Western Avenue property and which stood of record in the name of J. L. Hughes was community property of herself and her

*Assigned by Chairman of Judicial Council.

husband. At the trial of this action she was granted a divorce and awarded certain property but the court found and decreed that the Western Avenue property was not property of the community but was the property of the defendant J. L. Hughes. On appeal by Euldene the judgment of the trial court that the Western Avenue property was the property of J. L. Hughes was affirmed.

The plaintiff (hereinafter called Combs) in this action was attorney for the defendant herein in the divorce action. After the commencement of the action for divorce but before the trial thereof and under date of October 2, 1944, J. L. Hughes conveyed the Western Avenue property to his brother A. P. Hughes. This deed was not recorded. Its existence was not disclosed to Euldene or to the court but on the contrary both A. P. Hughes and J. L. Hughes testified that J. L. Hughes was the owner of the Western Avenue property and had acquired it prior to the divorce action for a valuable consideration.

The interlocutory decree of divorce was entered on April 3, 1945. On the 29th of September, 1945, A. P. Hughes died leaving a will by which nothing was devised or bequeathed to the defendant here.

On October 22, 1945, the plaintiff herein by letter agreement undertook to contest the will of A. P. Hughes on behalf of the defendant herein and to accept as compensation (as the contract is interpreted by Combs in the complaints in both actions), one-third of the amount *distributed* to the defendant *by reason of the contest* or *by settlement thereof*. Pursuant to this contract plaintiff here successfully prosecuted the contest of the will but a new trial was granted. During the pendency of the will contest, Combs, on behalf of Euldene, prosecuted an action in ejectment against J. L. Hughes in which he sought to eject him from the Western Avenue property claiming that Euldene had a community interest therein. He also prosecuted an action against J. L. Hughes and the surety upon his bond as a notary based upon the allegation that Euldene had not appeared before J. L. Hughes as a notary and acknowledged her signature to the deed by which J. L. Hughes received title to the Western Avenue property from his brother, A. P. Hughes. In each of these actions J. L. Hughes pleaded the judgment in the divorce action as res judicata and, upon the court in those actions having filed a memorandum opinion indicating that it would sustain this

defense in each action, the actions were dismissed. Plaintiff Combs acting as attorney for the defendant here also filed an action against J. L. Hughes and Toney seeking to set aside the deed from A. P. Hughes to J. L. Hughes on the grounds of fraud and undue influence. This action did not come on for trial until October, 1948, and during the progress of that trial a compromise of the will contest was arrived at between the parties as a result of which Toney assigned to defendant here all of her right, title and interest under the will of A. P. Hughes. (Toney was the residuary devisee and legatee under that will.)[1]

Pursuant to the terms of the agreement settling the will contest and the assignment to Euldene of Toney's interest in the estate of A. P. Hughes a partial distribution was made under which certain real property known as the "Florence Avenue property" was distributed to defendant. After that distribution she deeded to plaintiff Combs an undivided one-third interest in the property distributed. In April, 1949, Toney revealed to the administrator of the estate of A. P. Hughes the fact of the execution by J. L. Hughes to A. P. Hughes of the deeds to the Western Avenue property heretofore mentioned and delivered those deeds to the administrator. Thereupon the special administrator commenced an action against J. L. Hughes, the defendant herein Euldene and others to quiet title to the Western Avenue property and for an accounting of the rents, issues and profits thereof.

Combs refused to defend this action on behalf of Euldene unless a retainer fee was paid and she agreed to pay a certain per diem fee for his appearances in court. This Euldene refused to do, she made no appearance in the action and her default was entered. On the trial of this action the court found and decreed that the California Trust Company, as administrator of the estate of A. P. Hughes, was the owner for the purposes of administration in the estate of A. P. Hughes and entitled to possession of the Western Avenue property and as such administrator was entitled to judgment against J. L. Hughes in the sum of $24,680.34 received by him on account of the rents, issues and profits of the Western Avenue property. It was further adjudged and decreed that Euldene had no right, title or interest in or to said real property except such

---

[1]Combs charged and received payments of substantial fees for the prosecution of the ejectment action, the bond action and the fraud action. In each of the mentioned actions Combs asserted on behalf of Euldene that the Western Avenue property was community property.

interest as she might have in the estate of A. P. Hughes. After this judgment was affirmed on appeal the money judgment was settled by the conveyance and transfer by J. L. Hughes to the administrator of certain real and personal property.

After the judgment in the action brought by the administrator became final but before any further distribution of the estate of A. P. Hughes had been made, Combs demanded of defendant that she execute to him an assignment of one-third of her interest in the estate of A. P. Hughes. Upon Euldene's refusing to execute such an assignment he commenced the first action (No. 22552 in this court) by which in the first count of his complaint he sought specific performance and a judgment of the court compelling his client, Euldene, to convey to him one-third of her interest in the estate. By the remaining counts he sought a money judgment in the sum of $23,000 that being the alleged value of one-third of Euldene's interest in the estate.

Upon the commencement of this action Combs caused an attachment to be levied on property of Euldene including her interest in the estate. After demurrers had been sustained to his complaint in this first action and to his amended complaint in this action upon the grounds that his action was premature, the residue of the estate was ordered distributed to Euldene and Combs then filed a second amended complaint in the first action alleging such distribution and commenced a second action (No. 22553 in this court) by the complaint in which he alleged substantially the same facts which he alleged in the first action and he again caused defendant's property to be attached.

Combs sought to have the actions consolidated for all purposes but upon opposition by the defendant that the first action was premature the court refused to so consolidate them but did consolidate them *for purposes of trial only.*

At the termination of the trial of the subject actions the trial court dismissed the first action (No. 22552) and entered written findings of fact and conclusions of law and judgment in the second action only.

By its judgment in the second action the trial court found that plaintiff had fully performed all of the terms and conditions of his contract relative to the prosecution of the will contest but found that the property distributed to defendant, Euldene, by the final order of distribution in the estate of A. P. Hughes (which consisted only of the Western Avenue property and the rents, issues and profits thereof from J. L.

Hughes) was the community property of A. P. Hughes and the defendant herein and that therefore defendant herein received only half of that property under the will of A. P. Hughes and took the other one-half thereof as community property, with the result that plaintiff was only entitled to recover from the defendant one-third of one-half of the value of the property distributed to her, to wit, the sum of $10,285.08 without interest.

Plaintiff appeals from the judgment dismissing the first action and from the judgment in the second action insofar as it limits his recovery to the amount above mentioned.

Defendant appeals from the entire judgment in the second action.

*Plaintiff's appeal in No. 22552.* By this appeal plaintiff attacks the minute order judgment dismissing the first action filed by him. If we understand appellant Combs' brief correctly, the ground upon which he seeks to reverse this judgment is that the first action was not prematurely brought and that as the cause of action sued upon therein was the same cause of action sued upon in the second action which was brought after his cause of action admittedly accrued, the court abused its discretion in not, of its own motion, completely consolidating the two actions and rendering but one judgment. He makes no complaint that the court did not make written findings of fact and conclusions of law before rendering its judgment dismissing the first action.

We are of the opinion that the trial court acted properly in dismissing this action. By his complaint in this action plaintiff interpreted his contract with the defendant as entitling him to the payment of his fee when, and only when, the property to which the defendant was entitled from the estate of A. P. Hughes was distributed to her.

The subject action was commenced on July 14, 1954. The decree of distribution by which the Western Avenue property was distributed to the defendant and upon the value of which the amount of plaintiff's fee depended, was not entered until October 1st of that year. There can be no doubt therefore, that the action was premature, for inasmuch as the contract had been fully performed by plaintiff and nothing remained to be done by the defendant except the payment of the fee, the repudiation of the contract did not accelerate the time at which plaintiff was entitled to performance by the defendant. (Rest., Contracts, § 318(e); *Tatum* v. *Ackerman*, 148 Cal. 357, 360 [83 P. 151, 113 Am.St.Rep. 276, 7 Ann.Cas. 541,

3 L.R.A.N.S. 908] ; *Cobb* v. *Pacific Mutual Life Ins. Co.*, 4 Cal.2d 565, 573 [51 P.2d 84].)

It has been held that a plea that an action is prematurely brought is in the nature of a plea in abatement and may be waived.[2] It is clear, however, that in the present case the defendant did not waive this plea. It was asserted in the demurrers to the original complaint, the amended complaint, at the time the motion was made to consolidate the action and asserted at the trial. Clearly the trial court did not err in failing, of its motion, to consolidate for all purposes, and a judgment of dismissal of the first motion was proper. (*Tatum* v. *Ackerman, supra*; *Schoolcraft* v. *B. O. Kendall Co.*, 108 Cal.App. 546, 550 [291 P. 659].)

*Plaintiff's appeal in No. 22553.* By its findings in the second action filed by plaintiff, the judgment in which is attacked on this appeal, the court found that the property distributed to defendant by the final decree of distribution had a net value[3] of $61,710.50. It found that all of the property distributed was the community property of defendant and A. P. Hughes and that she therefore took one-half of that property as her community interest therein and not by reason of the compromise of the will contest and the assignment to her of the residue of the estate by Toney, and that plaintiff was entitled to only an amount equal to one-third of one-half of the value of the property distributed and rendered judgment accordingly.

It is plaintiff's contention that by the interlocutory decree of divorce, it was decreed that the Western Avenue property was not the property of the community but was the property of J. L. Hughes and is therefore res judicata and conclusive as to the character of that property, and that he is, as a matter of law, entitled to one-third of the total net value of that property. There is no merit in this contention.

The only title to the Western Avenue property with which the court was concerned in the divorce action was the title vested in A. P. Hughes or the community at the time of the

---

[2]*Radar v. Rogers*, 49 Cal.2d 243, 250 [317 P.2d 17].

[3]In order to secure this distribution the defendant was compelled to pay to the administrator of the estate of A. P. Hughes the sum of $8,000 in order that the administrator might pay the accrued costs of administration consisting principally of special fees and commission incurred and allowed because of the prosecution of the action by the administrator against J. L. Hughes, and this sum the court deducted from the full value of the property distributed in determining the net value.

commencement of that action. Title acquired pendente lite was not put in issue by the complaint in the divorce action and no supplemental pleadings were filed. To the contrary, A. P. Hughes and J. L. Hughes through extrinsic fraud prevented the plaintiff in the divorce action from putting that title in issue. The judgment therefore did not preclude the plaintiff in that action from asserting in this action that the title acquired pendente lite by A. P. Hughes was community property. *Brown* v. *Brown*, 170 Cal. 1, 6-7 [147 P. 1168]; *Yager* v. *Yager*, 7 Cal.2d 213, 217 [60 P.2d 422, 106 A.L.R. 664]; *Metropolis etc. Sav. Bank* v. *Barnet*, 165 Cal. 449, 452-454 [132 P. 833].)

The title acquired to the Western Avenue property by the deed from J. L. Hughes was acquired during the existence of the marriage. No evidence was offered or received in the pending action as to what consideration was given by A. P. Hughes to J. L. Hughes for that deed. It is presumed that there was good and sufficient consideration given for it (Code Civ. Proc., § 1963, subd. 39; *Estate of Hobart*, 82 Cal.App.2d 502, 509 [187 P.2d 105]; *Albertson* v. *Schmidt*, 128 Cal.App. 344, 347 [17 P.2d 158]), and there being no evidence that the conveyance was a gift, the presumption is that it was community property. (Civ. Code, § 164.) These presumptions support the findings and judgment of the trial court.

■ Combs also contends that the court erred in not awarding him interest on the amount of the judgment from October 12, 1954, the date of the final decree of distribution in the estate of A. P. Hughes. The amount which Combs was entitled to recover under the contract he sued upon depended upon the value of the property distributed to his client. This value could not be determined by calculation from the face of the contract and the property distributed did not have a well-established market value. It could only be determined by the court from evidence produced by the respective parties at the trial. Combs was therefore not entitled to interest until the value of property distributed had been established. (*Lineman* v. *Schmid*, 32 Cal.2d 204, 209-212 [195 P.2d 408, 4 A.L.R.2d 1480].)

*Defendant's appeal in No. 22553.* In this action Euldene filed an answer in which she denied she was indebted in any sum to Combs and alleged affirmatively the contract was entered into during the existence of the confidential relationship of attorney and client between herself and Combs under the influence of that relationship; that Combs had

breached that contract by refusing to represent her in the action brought by the administrator through which the title to the Western Avenue property was quieted and judgment obtained against J. L. Hughes for the rents, issues and profits of that property.

She also filed a cross-complaint for declaratory relief. In this cross-complaint she alleges so far as the allegations are material to the questions presented on this appeal that the contract sued upon by Combs was executed by her under the influence of Combs arising out of the confidential relationship existing between him and her; that the parties to the contract sued upon did not intend that the Western Avenue property should be considered a part of the estate of A. P. Hughes in determining the amount upon which Combs' contingent fee was based under that contract; that the Western Avenue property was recovered as a part of the estate of A. P. Hughes solely through the efforts of the administrator of that estate and its attorneys and that Combs was in nowise instrumental in recovering said property as a part of the estate; that the property recovered was community property of Euldene and A. P. Hughes; that at the commencement of the action by the administrator to quiet title to the Western Avenue property Combs advised her that she should appear in said action; that it was Combs' duty under the contract sued upon to appear and represent her in that action and that he refused so to do without further compensation and by so refusing breached his contract.

She alleged that a bona fide and actual controversy existed between Combs and herself as to the meaning, existence, validity and enforceability of the contract sued upon and of the rights and liabilities of the parties thereunder; that she contended that the contract was the product of undue influence exerted upon her by Combs; that the Western Avenue property was not a part of the property which was subject to the contract sued upon, that Combs breached the contract by refusing to appear for her in the action brought by the administrator and she further alleged that all of her claims and contentions were disputed by the plaintiff and prayed judgment that the conflicting claims of the parties be adjudicated.

During the trial of the action Combs introduced into evidence (Plaintiff's Ex. 3) a letter contract dated January 31, 1946. This was a letter written by Combs to Euldene in which he recites the different matters in which he is rep-

resenting Euldene and the fee arrangements that have theretofore been made and after this recitation suggests an adjustment of the entire matter on a basis therein stated. Under this adjusted basis the fees for the will contest were to remain upon "present contingent basis," and it was further agreed that all other litigation that "may develop from this matter" be handled on the basis of 20 per cent of the amount of the recovery.

The defendant contends that the judgment must be reversed because of the alleged failure of the trial court to find upon material issues. The first issue which Euldene asserts the court failed to find upon was the allegations of affirmative defenses set forth in her answer and the allegations of her cross-complaint that Combs had breached his contract. There is no merit in this contention. The trial court expressly found that Combs had "fully performed all things required of him by said contract." This finding completely negatives the allegations made by Euldene, in her answer and her cross-complaint, that Combs had breached the contract.

The second issue as to which Euldene asserts that the court failed to find is as to undue influence being exercised over her by Combs and his bad faith in dealing with her. It is her contention that the evidence showed that a confidential relationship existed between the parties at the time of the execution of the contract and that therefore it was presumed to have been the result of undue influence exercised by Combs upon her and to have been without sufficient consideration and that the evidence shows that in transactions other than that relating to the will contest Combs overreached her and is thereby precluded from any recovery.

We find no merit in these contentions. The presumptions of undue influence and of insufficient consideration which arose from the confidential relationship which existed between Combs and Euldene (Civ. Code, § 2235) are not conclusive. The court found contrary to both presumptions. It found that the contract was not the product of undue influence on the part of Combs and this finding is amply supported by the evidence. The court found that Combs had fully performed the terms of the contract on his part to be performed and it having been stipulated at the trial that the fees fixed by the contract were reasonable no further finding was necessary as to the sufficiency of the consideration. The contingent fee contract relative to the will contest was the only contract put in issue by the pleading, and the fact,

if it be a fact, that Combs may have in other transactions overreached the plaintiff, does not subject this contract to any infirmity. We are not called upon to pass upon the other dealings between Combs and Euldene which are discussed in Euldene's briefs.

Appellant Euldene also asserts that the findings of the trial court are not supported by substantial evidence. She does not point out which of the findings she thus attacks but we assume that the findings attacked are those including the Western Avenue property as a part of the property affected by the contingent fee contract sued upon and the finding that Combs fully performed his contract and did not breach it by refusing to represent Euldene in the action through which title was quieted in the administrator to the Western Avenue property. These contentions cannot be sustained.

As a result of Combs' efforts and services a compromise of the will contest was arrived at through which Euldene became entitled to take under the will of her husband and without this compromise having been consummated she would not have had any right in her husband's share of property which he was entitled to dispose of by his will. The contention that the parties did not contemplate, at the time the contract was entered into, that the Western Avenue property was subject to administration in the estate of A. P. Hughes and consequently that a half of it at least might pass under his will borders on the frivolous, for at the time the contract was entered into Euldene was contending on the appeal from the interlocutory decree of divorce that the finding that this property was not community property of the parties was erroneous and she had pending or in contemplation other litigation in which the sole issue was the character of this property as the community property of herself and her husband. If she had, in any of these actions, established that the Western Avenue property was the community property of herself and her husband, one-half of it would have been subject to her husband's will and all of it would have been subject to administration in his estate and as we have pointed out it was only through the will contest and the resulting compromise thereof that she acquired her interest in her husband's one-half of the property.

The contention that the evidence fails to sustain the finding that Combs fully performed his contract is likewise without merit. There is nothing in that contract which placed

any burden on Combs to prosecute any litigation to bring in to the estate of A. P. Hughes any property and the letter contract (Plaintiff's Ex. 3) makes it clear that if he did perform services to bring property in to the estate he was to have a further fee of 20 per cent of the value of the property thus recovered. The result is that not only was Combs not obligated by the contract sued upon to appear on Euldene's behalf in the action brought by the administrator but that he would have been doing his client a disservice so to do. Euldene had no interest adverse to the administrator in the action brought by it against J. L. Hughes and herself. The administrator, in prosecuting this action, did so as the trustee of an express trust of which trust Euldene was the beneficiary. (*Estate of Kessler*, 32 Cal.2d 367, 369 [196 P.2d 559].) Any judgment rendered in favor of the administrator would necessarily redound to the benefit of Euldene. The administrator was represented by competent counsel and Combs could render no real service in the litigation. If he did not render any services his fee was limited to that given to him by the trial court in the present action, i.e., an amount equal to one-sixth of the value of the property recovered and distributed to Euldene. If he did appear he would have been entitled not only to that amount but to an additional 20 per cent of that portion of the property which she took by virtue of her community interest.

We need not decide here whether Combs breached the obligation assumed under the agreement of January, 1946, (Plaintiff's Ex. 3) to undertake any further action concerning the Western Avenue property on a contingent fee basis of 20 per cent for that contract is not in issue in this action and his breach of it, if there was one, did not result in damage to his client.

■ Euldene also appeals from the order taxing costs. There is but one item of these costs that merits attention. Item 35 of the amended memorandum of costs filed by Combs is in the sum of $92 on account of premiums upon "bonds to cover attachment 7/5/55, $46 and 11/28/56 $46.00." It is Euldene's contention that, as there were two attachments levied, one in the first action filed and one in the second action, the first charge of $46 must have been incurred in the first action which was dismissed and therefore was not taxable in this action. The only evidence in the record as to this item of costs is the affidavit of the attorney for Combs that this item of costs was necessarily incurred in this action and while this

is somewhat contradicted by the fact that the cost bill refers to "bonds" instead of "a bond" and there was but one bond for attachment in the present action, this conflict was one to be determined by the trial court and in view of the fact that annual premiums are charged upon attachment bonds and as both of these payments were made after commencement of the present action this court cannot disturb the decision of the trial court that this item of costs was taxable herein.

The judgment in case Number 22552 is affirmed, Euldene, respondent on this appeal, to recover her costs not to exceed $150. While ordinarily the successful party on appeal is entitled to recover all taxable costs, in this case respondent by her designation to the clerk under rule 5(b) of the Rules on Appeal has caused to be included in the clerk's transcript extraneous matter having no bearing upon the questions raised on appeal or which might justifiably have been raised on it. This extraneous matter, as nearly as we can estimate, covers approximately one-half of the matter printed in the clerk's transcript. In limiting the costs which the respondent may recover on this appeal we have in mind that there was not a separate reporter's transcript on this appeal and that but little of the contents of that transcript was pertinent to any questions raised upon this appeal.

The judgment in case Number 22553 is affirmed, each party to bear his own costs.

Shinn, P. J., and Vallée, J., concurred.

The petition of defendant and appellant for a rehearing in No. 22553 was denied June 19, 1958, and her petition for a hearing by the Supreme Court was denied July 23, 1958.